**ARMCO, INC., Appellee,**

**v.**

**PENROD–STAUFFER BUILDING
SYSTEMS, INC., Appellant.**

No. 83–1874.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 13, 1984.

Decided May 10, 1984.

Francis J. Pelland, Washington, D.C. (Sadur & Pelland, Chartered, Washington, D.C., on brief), for appellant.

Phillips P. O'Shaughnessy, Baltimore, Md. (Smith, Somerville & Case, Baltimore, Md., on brief), for appellee.

Before PHILLIPS and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

A default judgment went against the defendant, Penrod-Stauffer Building Systems, Inc., after which the defendant filed a motion for relief under F.R.Civ.P. 60(b)(4). From the denial of that motion, the defendant brought this appeal.

We conclude that the judgment was void for lack of personal jurisdiction of the defendant, and reverse.

I.

On February 28, 1983, Armco, Inc. filed a complaint in the United States District

Court for the District of Maryland seeking to recover approximately $80,000 from Penrod-Stauffer on a claim for material sold. The next day, Armco sought to procure service of the summons and complaint pursuant to F.R.Civ.P. 4(c)(2)(C)(ii). The summons and complaint and two copies of the notice and acknowledgment form were properly mailed by registered mail, restricted delivery, return receipt requested. Bruce Stauffer, the defendant's vice president and secretary, received the letter and signed the return receipt on March 3.

The notice and acknowledgment form read, in pertinent part, as follows:

> The enclosed Summons and Complaint are served pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure. You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days.
>
> . . . .
>
> If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.
>
> If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the Complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

*See* Form 18–A, F.R.Civ.P.

The notice and acknowledgment form was not signed or returned to Armco's lawyer by Stauffer, or anyone else on behalf of Penrod-Stauffer. No other service of process was attempted. Nevertheless, on March 24 plaintiff's attorney filed an affidavit stating that the defendant had been served pursuant to Maryland Rule of Civil Procedure 104b2. On April 6, Armco's attorney wrote to the clerk of the district court seeking entry of a default judgment and enclosing an affidavit that no responsive pleading had been filed. A copy of the April 6 letter and its enclosures was mailed by ordinary mail to Penrod-Stauffer.

On April 19, 1983, the clerk entered a default judgment against Penrod-Stauffer. He did not notify Penrod-Stauffer of its entry. On May 31, 1983, however, Penrod-Stauffer filed a motion to vacate the default judgment pursuant to Federal Rule 60(b)(4) and 60(b)(1).

The district court denied the motion, holding that service of process had been validly accomplished under Maryland Rule 104b2 and that the defendant had shown no mistake, inadvertence or excusable neglect justifying a vacation of the default judgment.

II.

Federal Rule of Civil Procedure 4(c)(2)(C)(ii) provides a convenient means for effecting service of process without involvement of a personal process server. Its effectiveness, however, is dependent upon an appropriate response by the defendant on the Notice and Acknowledgment for Service by Mail form. The notice clearly informs the defendant that the penalty for failure to sign, date and return the form is that it may be required to pay the costs of procuring service in some other manner. There was no subsequent attempt to effect service of process by any other means.

In telephone contacts with Armco's lawyer, Penrod-Stauffer officials sought to negotiate a settlement. The lawyer told them that there was a risk of default and that they should consult a lawyer, and, by copies of the affidavits filed by Armco, they were informed that Armco then claimed that service had been effected under Maryland Rule 104. However, the only process they had received was the communication of March 1 informing them that the service was being made pursuant to Federal Rule 4(c)(2)(C)(ii).

III.

▮ We are urged to hold that Maryland's Rule of Civil Procedure 104b2 does

not authorize service of process by mail upon a corporation. This is plausible since there is no reference to corporate defendants in that rule, while Rule 106 specifically provides for service of process upon corporations. Rule 107 provides for service of process by mail upon corporate defendants outside the State of Maryland, but does not provide for such service within the state of Maryland. However plausible on its face this contention may be, however, we need not decide this case on the basis of Maryland law, for Federal Rule of Civil Procedure 4(c)(2)(C)(ii), itself, forecloses the plaintiff's claim that the attempted service under that rule, ineffectual because of defendant's failure to acknowledge it, was nevertheless effective service under Maryland law and Federal Rule 4(c)(2)(C)(i).

There is a specific restriction in Federal Rule 4(c)(2)(C)(ii). It provides:

> "If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3)."

The attempted service in this case was unequivocally made pursuant to Federal Rule 4(c)(2)(C)(ii). When no acknowledgment was received within twenty days, that rule itself required that service be made upon this corporate defendant under subparagraph (A) or (B) in the manner prescribed by subdivision (d)(3), which provide for personal service upon an agent of the corporate defendant. Once service is attempted under Rule 4(c)(2)(C)(ii), service of process in accordance with state law, as otherwise authorized by 4(c)(2)(C)(i), is not permissible.

As drafted, the rule avoids equivocal situations such as that which arose in this case. The printed summons informed the defendant's officers that a responsive pleading was required within twenty days, but the notice explicitly told them that they need do nothing if they did not accept and acknowledge service, though they might be required to pay the cost of service by some other means.[1] The other means authorized by the rule is personal service, the meaning of which cannot be mistaken by the person served.

Thus, Federal Rule 4(c)(2)(C)(ii) foreclosed the plaintiff's belated claim that the attempted service under that rule was effective service under Maryland Rule 104b2.

## IV.

The defendant, of course, had notice that an action had been commenced by the filing of a complaint. When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.[2] This is particularly so when the means employed engenders the kind of confusion which the defendant's officers reasonably experienced here, leaving them without clear notice of the necessity to respond.

Since there was no valid service of process, the district court was without jurisdiction of the defendant, and the default judgment was void.[3]

---

1. The plaintiff's lawyer failed to enclose a self-addressed, stamped envelope for return of the signed acknowledgment as required by the rule. That neglect may have foreclosed a possible claim for reimbursement of the cost of effecting personal service.

2. *United States v. Mollenhauer Laboratories, Inc.*, 267 F.2d 260 (7th Cir.1959); 4 Wright & Miller, Federal Practice and Procedure, 333.

3. *Varnes v. Local 91,* 674 F.2d 1365 (11th Cir. 1982); *Hicklin v. Edwards,* 226 F.2d 410 (8th Cir.1955); *U.S. v. Milana,* 148 F.Supp. 152 (E.D. Mich.1957); *Ruddies v. Auburn Spark Plug Co.,* 261 F.Supp. 648 (S.D.N.Y.1966).

**1090**

## V.

The order denying the motion for relief from the judgment by default is reversed, and the case is remanded to the district court with instructions to vacate the default judgment.

REVERSED AND REMANDED.