Drexel **HENRY, Henry Caldwell, Earl Johnson, Jr., Pierre Morency, Zira Mesidor and Rene Pierre**

v.

**GLAIZE MARYLAND ORCHARDS, INC.**

**Civ. No. JH–84–1355.**

United States District Court, D. Maryland.

Nov. 26, 1984.

Gregory S. Schell, Legal Aid Bureau, Salisbury, Md., for plaintiffs.

Jules H. Sigal, Bethesda, Md., and S. Steven Karalekas and Mary Beth Bosco, Charles, Karalekas, McCahill & Wilson, Washington, D.C., for defendant.

MEMORANDUM AND ORDER

JOSEPH C. HOWARD, District Judge.

Pending before the Court is the plaintiffs' motion for an Order awarding them

costs incurred in procuring service of process on the defendant by use of a private process server. The motion is unopposed. No hearing will be necessary to resolve this matter. Local Rule 6(E).

Plaintiffs first attempted to serve the defendant by certified mail, return receipt requested, ostensibly pursuant to Fed.R. Civ.P. 4(c)(2)(C)(ii). When the envelope (containing the "summons, complaint, two forms of notice and acknowledgment of receipt of summons and complaint and a prepaid self-addressed envelope for return of the notice and acknowledgment forms to the office of [plaintiffs' counsel]," per plaintiffs' counsel's affidavit in support of motion) was returned to the sender as having been unclaimed by the defendant, plaintiffs engaged the services of a private process server. The effort to obtain personal service was successful, and plaintiffs paid the process server's $17.00 fee. Plaintiffs now seek to recover that fee pursuant to Fed.R.Civ.P. 4(c)(2)(D).

Rule 4(c)(2)(C)(ii) reads as follows:

(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

\* \* \* \* \* \*

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Rule 4(c)(2)(D) provides:

(D) Unless good cause is shown for not doing so[,] the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgment of receipt of summons.

While Rule 4(c)(2)(C)(ii) does not require service by certified mail, return receipt requested, as was employed by these plaintiffs, it does require enclosure of two form 18–A notices. The enclosure of these notices is determinative of whether service has been made or attempted pursuant to Rule 4(c)(2)(C)(ii), or not. *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087 (4th Cir.1984). Because plaintiffs enclosed the required form 18–A notices with their initial process, the Court finds that service was attempted pursuant to Rule 4(c)(2)(C)(ii).

Rule 4(c)(2)(D) implicitly applies only to instances where personal service is undertaken following an effort to serve a party defendant pursuant to Rule 4(c)(2)(C)(ii), the only method of service involving form 18–A notices. Although not expressly stated, it is equally clear that a defendant must actually receive the Rule 4(c)(2)(C)(ii) mailing, and must fail to react to the form 18–A notices in a timely fashion, before Rule 4(c)(2)(D) becomes applicable. To hold otherwise would work a substantial injustice: a defendant, such as the corporation in the instant case, would be liable for non-compliance with the directions in a notice which it never received.

Close scrutiny of amended Rule 4, which became effective on February 26, 1983, raises a number of questions, two of which have some bearing on the situation before the Court. First, Rule 4(c)(2)(D), strictly construed, would permit the costs of subsequent personal service to be levied against a defendant who fails to "complete and return [the form 18–A notice and acknowledgment] within 20 days *after mailing* [.]" (emphasis supplied) Yet form 18–A only requires that it be completed and returned to the sender "within 20 days." No specific reference to the date of mailing as being the first of the 20 days is contained in the form 18–A notice, nor is the exact language of Rule 4(c)(2)(D) set out in full therein—indeed, the Rule is not even specifically cited

to the party being served. Thus, some doubt exists as to the proper method to be employed when computing time under Rule 4(c)(2)(D).

Second, Rule 4(c)(2)(C)(ii) expressly directs plaintiffs to proceed with personal service pursuant to Rule 4(c)(2)(A) or (B) if mail service is not acknowledged "within 20 days after the date of mailing[.]" Thus, an acknowledgment received 21 days after mailing may not be effective service in and of itself without additional, and probably superfluous, personal service of a second summons. This would appear to defeat one of the primary purposes of the new mail service provision, that of simplifying service of process and reducing its cost to would-be litigants. Equally self-defeating is the fact that no allowance for a second attempt pursuant to Rule 4(c)(2)(C)(ii) is provided, even when a plaintiff's mailing is returned within the 20-day timeframe due to its having been inadequately addressed, insufficiently franked or otherwise found to be undeliverable in its initial form. As in the instant case, where plaintiffs made the remediable clerical error of sending the mailing by certified mail, return receipt requested, which mailing remained unclaimed at the post office until it was returned 25 days later, a plaintiff is "locked" into undertaking subsequent personal service as of the day it first mails process pursuant to Rule 4(c)(2)(C)(ii) unless everything goes smoothly and service is competently acknowledged before 20 days elapse. *See Federal Deposit Ins. Corp. v. Sims,* 100 F.R.D. 792, 794 (N.D. Alabama, 1984) (where Rule 4(c)(2)(C)(ii) service is returned unclaimed by addressee, plaintiff's only option is personal service). Whether this result was actually intended by Congress is not made clear in the Advisory Committee's Notes, appended to Rule 4, or in as much of the legislative history as this Court has examined. *See Changes In Federal Summons Service Under Amended Rule 4,* 96 F.R.D. 81, 95–96, 118–119, 121. (1983).

These questions need not be addressed by this Court, however. It is uncontroverted that the defendant here never received the form 18–A notices in plaintiffs' initial attempt at service. Defendant's silence notwithstanding, the Court will not order it to pay the costs incurred by plaintiffs in their subsequent employment of a process server.

Accordingly, it is this 26th day of November, 1984,

ORDERED: That plaintiffs' motion for an Order awarding them their costs pursuant to Rule 4(c)(2)(D) is DENIED. It is further

ORDERED: That the Clerk mail copies of this Memorandum and Order to counsel of record forthwith.