PITTSBURGH TERMINAL CORPORA-
TION, a Pennsylvania Corporation,
Plaintiff,

v.

MID ALLEGHENY CORPORATION, a
West Virginia Corporation; CSX Cor-
poration, a Virginia Corporation; CSX
Minerals, Inc., a Virginia Corporation;
CSX Resources, Inc., a Virginia Corpo-
ration; and Garth E. Griffith; Carl C.
Hawk and H. Preston Henshaw, as Di-
rectors of Mid Allegheny Corporation,
Defendants.

Civ. A. No. 84–3306.

United States District Court,
S.D. West Virginia,
Huntington Division.

Sept. 17, 1985.

Michael P. Malakoff, Ellen M. Doyle, Pittsburg, Pa., Gerard R. Stowers, Charleston, W.Va., for plaintiff.

Thomas H. Gilpin, Huntington, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

STAKER, District Judge.

Defendants Garth E. Griffith and Carl C. Hawk have moved to dismiss the action insofar as it pertains to them or, alternatively, to quash the return of service of process because of the insufficiency of the service of process. Fed.R.Civ.P. 12(b)(5). The defendants, who are citizens of the State of Virginia, contend that the plaintiff, a citizen of the State of Pennsylvania, has

never obtained effective service upon them according to Rule 4, Fed.R.Civ.P., and cannot do so. Dismissal is also requested because the court lacks jurisdiction over their persons. Fed.R.Civ.P. 12(b)(2).

Plaintiff first attempted to serve process on the movants by mailing to each of them, in Virginia, copies of the summons and complaint. Fed.R.Civ.P. 4(c)(2)(C)(ii). However, this attempt at service was not perfected because the defendants did not return the acknowledgement of service forms. *Id.; see, Armco v. Penrod-Stauffer Building Systems, Inc.,* 733 F.2d 1087 (4th Cir.1984); *Billy v. Ashland Oil, Inc.,* 102 F.R.D. 230 (W.D.Pa.1984). Recognizing this, plaintiff then caused service to be had upon the defendants under the long-arm statute of West Virginia, W.Va.Code § 56–3–33 (1985 Cum.Supp.), by delivering copies of the summons and complaint to the West Virginia Secretary of State. The Secretary of State in turn forwarded copies thereof to the defendants at their place of employment in Virginia by certified mail. Defendants filed a joint answer in which they raised challenges to the service of process and to the jurisdiction of this court over their persons. In response, plaintiff moved for an extension of time in which to attempt to obtain service of process on the movants and for the appointment of the United States Marshal to serve such process. Fed.R.Civ.P. 4(c)(2)(B)(iii). This motion was granted by the court.

Subsequently, the defendants filed their first motion to dismiss or quash the return of service made through the Secretary of State. They asserted that the service of process was improper. Fed.R.Civ.P. 4(c)(2)(C)(ii). Furthermore, even if such service were proper it did not confer on this court jurisdiction over them because they did not meet the "minimum contacts" jurisdictional requirements of W.Va.Code § 56–3–33(a) & (b) (1985 Cum.Supp.). Sometime after the motion was filed the defendants were served personally with process in Richmond, Virginia, by a Deputy United States Marshal. This service was challenged by the defendants in their memorandum of law in support of their original motion as being beyond the territorial limits of effective service of this court. Fed. R.Civ.P. 4(f). They later formally challenged this personal service in a second motion to dismiss or quash.

The plaintiff, in response to the challenge to personal service, filed a second motion for an extension of time to obtain service and for appointment of the United State Marshal to make service of process on the West Virginia Secretary of State. This motion was granted and the Marshal's office for this District personally served copies of the summons and complaint on the Secretary of State's office. The defendants then objected to the sufficiency of this process inasmuch as it was directed to them through the defendant CSX Corporation. This objection led the plaintiff to file yet another motion for an extension of time and for appointment of the United States Marshal to obtain service on the movants. Again the motion was granted and plaintiff had the West Virginia Secretary of State personally served, presumably as the defendants' statutory agent for service of process under W.Va.Code § 56–3–33, by a Deputy United States Marshal. This was followed by defendants' fourth motion to dismiss or quash service of process.

The defendants Griffith and Hawk contend that this court should dismiss the complaint against them, or at the very least quash the service of process, because the plaintiff did not obtain proper and effective service of process on them according to the strictures of Rule 4 of the Federal Rules of Civil Procedure. It is their position that once a plaintiff has unsuccessfully attempted service by mail under Fed.R.Civ.P. 4(c)(2)(C)(ii) that that party is precluded from thereafter obtaining service pursuant to a state statute, as allowed under Fed.R. Civ.P. 4(c)(2)(C)(i), but must instead have personal service on the defendant, pursuant to Rule 4(d)(1), made by a person empowered to do so under Rule 4(c)(2)(B)(iii). This plaintiff has failed to do, according to the movants, and, therefore, it has never obtained effective service on them. Furthermore, it is unable to do so. As a

second ground for dismissal, the movants argue that even if effective service has been obtained upon them the court may not assume personal jurisdiction over them because they do not have the requisite "minimum contacts" with the State of West Virginia to support jurisdiction when service of process is made by utilizing W.Va.Code § 56–3–33.

Plaintiff contends that neither argument raised by the defendants is valid. First of all, as to the service of process, it argues that it has obtained valid service because it has obtained personal service by the United States Marshal, Fed.R.Civ.P. 4(c)(2)(B)(iii), upon the defendants' agent authorized by law to accept service of process (the West Virginia Secretary of State pursuant to W.Va.Code § 56–3–33). Fed.R.Civ.P. 4(d)(1). Secondly, it contends that the court does have personal jurisdiction over the defendants because they were transacting business in West Virginia, W.Va.Code § 56–3–33(a)(1) (1985 Cum.Supp.), due to the fact that they served as directors of the defendant Mid Allegheny Corporation which is incorporated in and has an office in this State. This transaction of business also means that the movants have the minimum contacts with this State so that this court's assuming personal jurisdiction over them will not violate due process. Finally, plaintiff asserts that the defendants have waived any defenses they might have to this court's jurisdiction by filing a counterclaim and thus invoking the court's jurisdiction.

We will deal first with the movant's motion as it concerns the issue of service of process. If the court finds that issue dispositive, we will not have to decide the question of personal jurisdiction, including "minimum contacts" with the forum state and its possible constitutional implications.

■ Before dealing with the question of whether or not there has been effective service on the movants, we must dispose of plaintiff's assertion that the movants have waived any defense or objection they might have based upon the insufficiency of service of process by filing an answer which contained a counterclaim. It argues that by seeking affirmative relief from the court the defendants have submitted themselves to the court's jurisdiction. *Freeman v. Bee Machine Co.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943). Defendants, however, maintain that inasmuch as Rule 12(h)(1), Fed.R.Civ.P., allows them to raise objections to service of process in the answer and Rule 13 allows them to also include counterclaims in an answer it would work an injustice never contemplated by the Rules to hold that the inclusion of a counterclaim waives the otherwise proper raising of a Rule 12 defense in the same answer. Furthermore, even if that were the general rule it should not apply when the counterclaim, such as the one made by the defendants herein, is a compulsory one which is waived if not asserted in the answer. Fed.R.Civ.P. 13(a).

It is true that some courts have held that the inclusion of a counterclaim in the answer waives any objections to personal jurisdiction that a defendant might have. *North Branch Products, Inc. v. Fisher*, 284 F.2d 611 (D.C.Cir.1960), *cert. denied*, 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961); *Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo, S.A.*, 23 F.R.D. 654 (S.D.N.Y.1959). However, other courts have held that this rule is inapplicable if the counterclaim is compulsory. *Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241 (9th Cir.1967); *Hasse v. American Photograph Corp.*, 299 F.2d 666 (10th Cir.1962); *Medicenters of America, Inc. v. T and V Realty & Equipment Corp.*, 371 F.Supp. 1180, 1181–82 (E.D.Va. 1974). More recent decisions have ignored the distinction between compulsory and permissive counterclaims and have simply held that the inclusion of a counterclaim in an answer which also contains a defense concerning the jurisdiction of the court does not act as a waiver of that challenge to jurisdiction. *Chase v. Pan-Pacific Broadcasting, Inc.*, 750 F.2d 131 (D.C.Cir. 1984) (distinguishing *North Branch Products, supra*); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 n. 1 (9th Cir.1984),

cert. denied, —— U.S. ——, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985); *Queen Noor, Inc. v. McGinn,* 578 F.Supp. 218 (S.D.Tex.1984); *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 413–14 (E.D.Pa. 1981); *see, Neifeld v. Steinberg,* 438 F.2d 423, 427–31 (3d Cir.1971); *Sadler v. Pennsylvania Refining Co.,* 33 F.Supp. 414 (W.D.S.C.1940). The reasons for a finding of non-waiver were very cogently given by Judge Biggs in *Neifeld, supra,* and this court adopts them as our own. We can see no justifiable reason why the joining of a counterclaim, either compulsory or permissive, should be construed as a waiver of objections to jurisdiction also asserted in the answer. Consequently, we hold that the movants have not waived their defense of insufficiency of service of process.

▉ "Absent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant." *Federal Deposit Insurance Corp. v. Schaffer,* 731 F.2d 1134, 1135–36 (4th Cir. 1984). Here plaintiff contends that it obtained effective service, after its attempt at service by mail pursuant to Rule 4(c)(2)(C)(ii) was unavailing due to defendants' failure to return the acknowledgement forms, because it obtained personal service by the United States Marshal upon the agent authorized by law to receive service of process for the defendants, the West Virginia Secretary of State.[1] The Secretary of State is authorized by law to be the defendants' agent to receive process only because of and only to effectuate the West Virginia long-arm statute, W.Va.Code § 56–3–33. A plaintiff is authorized by Fed.R.Civ.P. 4(c)(2)(C)(i) to employ state approved methods of service. Rule 4(c)(2)(C)(i), formerly Fed.R.Civ.P. 4(d)(7), H.R.Rep. 7154, 97th Cong., 2nd Sess. 1, U.S.Code Cong. & Admin.News 1982, p. 4434, *reprinted in* 96 F.R.D. 81, 121–22, should be read in conjunction with sections (e) & (f) of Rule 4 as authorizing service of process outside the territorial limits of a state whenever state law, particularly a long-arm statute, so allows. 4 C. Wright & A. Miller, Federal Practice and Procedure § 1113–15, 1124 & 1126 (1969).

However, the Fourth Circuit has held that "[o]nce service is attempted under Rule 4(c)(2)(C)(ii), service of process in accordance with state law, as otherwise authorized by 4(c)(2)(C)(i), is not permissible." *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.,* 733 F.2d 1087, 1089 (1984). As we understand that ruling and the interplay of the various sections of Rule 4, once a party attempts service by mail according to the method prescribed by the Rule he is thereafter precluded from attempting a method of service prescribed by state law, including service pursuant to a state's long-arm statute. The party is then required to have a person authorized by subsection 4(c)(2)(A) or (B) obtain service upon the opposing party by serving one of the persons specified in section 4(d)(1) by some method other than one prescribed by state law.

It appears to the court that the plaintiff is arguing that it complied with section 4(d)(1) by having the United States Marshal, pursuant to subsection 4(c)(2)(B)(iii), serve the Secretary of State, who was authorized by law to receive service for the defendants. However, the Secretary of State is authorized by law to receive service of process as the agent of the defendants only by virtue of W.Va.Code § 56–3–33, the State's long-arm statute, and that statute is available for use by the plaintiff as a means of service only because of subsection 4(c)(2)(C)(i). This in turn brings us back to *Armco, Inc., supra,* which invalidates the reference to state law for an authorized method of service when there has been a previous attempt at service by mail pursuant to 4(c)(2)(C)(ii). Any argument by the plaintiff that there was valid service upon an agent authorized by law to receive service pursuant to subsection 4(d)(1) is unavailing because we believe sec-

---

1. Plaintiff does not contend in its memoranda of law that the personal service on the defendants in Richmond, Virginia, by the United States Marshal, outside the territorial limits of West Virginia, was effective service. Therefore, we will not consider that attempt at service.

tion 4(d) refers only *to whom* service is to be made and does not determine or involve *the method* or *how* service is to be made. Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) With Special Statute of Limitations Precautions,* 96 F.R.D. 81, 95. The fact that service has been made upon a person *to whom* it may have been directed pursuant to subsection 4(d)(1) is meaningless if *the method* of service is improper under *Armco Inc., supra.* Consequently, the Secretary of State was not an agent of the defendants upon whom effective service of process could be made under Rule 4(d)(1) in this instance. The court realizes that this places the plaintiff in a "Catch 22" situation in that it may never obtain effective service of process on these out-of-state defendants because it is precluded from employing the West Virginia long-arm statute due to its first attempting service by mail according to the Federal Rules. However, we feel that we are constrained to hold as we have based upon our understanding of the interplay of amended Rule 4 and *Armco, Inc.*

■■■ Because we have found that there has not been effective service of process on the movants, there is no need to decide the question of whether or not they have the requisite "minimum contacts" for this court to assume personal jurisdiction pursuant to service of process under W.Va. Code § 56-3-33 (1985 Cum.Supp.). The final question to be decided is whether this court should dismiss the complaint against the movants or simply quash the service actually made. Normally, a court should quash the service of process rather than dismiss if there is a possibility that effective service can be had on a defendant. *See, Bailey v. Local 667, International Brotherhood of Boilermakers,* 480 F.Supp. 274, 278 (N.D.W.Va.1979). In this case, however, we believe that the plaintiff has attempted, unsuccessfully, all the probable methods of obtaining effective service of process on the movants. We believe, therefore, that dismissal of the action against the movants is proper.

For the reasons stated above in this memorandum opinion, it is hereby ORDERED that the defendants Garth E. Griffith's and Carl C. Hawk's motion to dismiss the complaint against them for insufficient service of process be, and the same hereby is, SUSTAINED and GRANTED. It is further ORDERED that said defendants be, and the same hereby are, DISMISSED as defendants to this action. It is also ORDERED that said defendants' counterclaims against the plaintiff be, and the same hereby are, DISMISSED.

The clerk of the court is directed to mail a certified copy of this order to all counsel of record.