**Larry BERNARD and Shannon Rickert, Plaintiffs,**

v.

**STRANG AIR, INC., etc., et al., Defendants.**

**No. CV85–0–666.**

United States District Court, D. Nebraska.

Dec. 30, 1985.

Frederick C. Gray of Schrempp, Hoagland, Gerdes & Salerno, Omaha, Neb., for plaintiffs.

C. L. Robinson of Fitzgerald & Brown, Omaha, Neb., for defendant Keith Miller.

MEMORANDUM AND ORDER

RICHARD C. PECK, United States Magistrate.

Pursuant to *28 U.S.C. 636,* the motion (filing 11) of defendant Keith Miller to quash service of summons has been referred to the undersigned United States Magistrate for resolution.

The instant lawsuit arose out of an airplane crash which allegedly occurred in Nebraska on September 22, 1982 with resultant injuries to the plaintiffs. Pursuant to *Rule 4(c)(2)(C)(ii)* of the F.R.Cv.P., plaintiffs mailed service of process to defendant

Miller at an address in New Mexico. That mailing was by certified mail, return receipt requested. The return receipt attached to the summons in the file bears signature of Cheryl Miller who, in the briefing, is said to be the wife of Keith Miller. Subsequently, after moving for and obtaining an extension of time in which to plead (filing 6), this defendant filed the instant motion to quash service of process. The contention made is that noncompliance with Rule 4(c)(2)(C)(ii) rendered the attempted service ineffective.

Plaintiffs, while conceding a failure of strict compliance with all of the structures of this Rule, argue that substantial compliance therewith is shown and should be deemed sufficient for valid service. In addition, the plaintiffs urge that by obtaining the extension of time in which to plead, the defendant waived objection to any defect in process, that the last sentence of Rule 4(g) is controlling in the present circumstances, and that the Court should not exalt form over substance in resolution of the instant issue. Each of these arguments is addressed below.

Rule 4(c)(2)(C)(ii) states:

(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule ...

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under this subdivision of the rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

■ It is readily apparent that this Rule entails an initial and a subsequent component. The initial component consists of sending the prescribed materials to the

defendant. Failure to comply with this component results in ineffective service of process. *See, Henry v. Glaize Maryland Orchards, Inc.,* 103 F.R.D. 589,590 (D.Md. 1984) (Rule 4(c)(2)(C)(ii) requires the enclosure of 18–A notices); *Chronister v. Sam Tanksley Trucking, Inc.,* 569 F.Supp. 464, 468–70 (N.D.Ill.1983) (service by certified mailing of complaint, summons, and a prepaid return postcard was insufficient under the Rule). The second component requires signed return by the defendant of the acknowledgement forms, or their equivalent, within the prescribed 20 day period. *See, Armco, Inc. v. Penrod-Stauffer Building Sys., Inc.,* 733 F.2d 1087, 1088 (4 Cir.1984) (registered mail return receipt alone was insufficient for service under Rule); *Elmer v. Mediterranean Airways,* 107 F.R.D. 55, 58 (E.D.N.Y.1985) (letter substantially equivalent to 18–A form sufficient for acknowledgement under the Rule). If no acknowledgement, or its substantial equivalent, is received by the sender within the prescribed time period, then the Rule requires follow-up personal service. The penalty for failure without good cause to make timely return of the acknowledgement forms is liability for costs incurred by reason of personal service made necessary by the failure. Rule 4(c)(2)(D).

■ In the instant lawsuit the process service attempted by plaintiffs contained neither a self-addressed prepaid return envelope nor two copies of a notice and acknowledgement form conforming substantially to form 18–A. The plaintiffs apparently attempted to substitute for that requirement the sending of the complaint and summons via certified mail return receipt requested. Congress, however, rejected precisely that type of mailing scheme during its deliberations with resultant promulgation of the Rule in content differing from that recommended to the Supreme Court by the Advisory Committee on Rules. *See, Changes in Federal Summons Service Under Amended Rule 4,* 96 F.R.D. 81, 95 (1983). Congress' concern was that neither the certified nor registered mail "were necessarily effective methods of providing ac-

tual notice to defendants of the claims against them." *Id.* at 118.

■ Nevertheless, plaintiffs argue that the acknowledgement is merely another form of proof of service which, under the provisions of Rule 4(g),[1] does not affect the validity of service. The Court does not agree. The receipt of the acknowledgement specified in Rule 4(c)(2)(C)(ii) is a necessity for effective service by mail. Without it the rule directs that the defendant must be served personally. Since Rule 4(g) presumes a valid service before making proof of return, plaintiffs' reliance on this Rule is misplaced.

■ In effect, plaintiffs also contend that defendant made a general appearance, waiving any objection to defective process, by filing for an extension of time in which to plead or answer. Again, the Court does not agree. By the provisions of Rule 12 the formal distinction between general and special appearances has been abolished in the federal court system. *See, Wright v. Yackley,* 459 F.2d 287,291 (9 Cir.1972); *Campbell v. Gasper,* 102 F.R.D. 159, 161 (D.Nev.1984). In addition, defendant has not waived his present defense of improper service. *See,* F.R.Cv.P. 12(h).

■ Finally, plaintiffs argue that since the defendant did actually receive notice of this action, granting the motion to quash would but exalt form over substance. Though sometimes appealing, this argument must be rejected in this instance for several reasons. First, the plaintiff did not comply with the fundamental elements of the Rule. These were not merely technical flaws but went to the Rule's major characters. Secondly, while it is true that a court should not be an inflexible martinet in applying procedural rules, it may not disregard totally the strictures of a rule intended to accomplish an alleviation of the costs and delay historically incident in the requirements for personal service but yet assuring that the proper person receives

notice of the suit against him. There are times when adherence to form is important. The court in *Armco, supra,* stated the proposition thusly:

> The defendant, of course, had notice that an action had been commenced by the filing of a complaint. When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored. [footnote omitted].

*Id.* 733 F.2d, at p. 1089.

IT IS ORDERED that the motion of the defendant Keith Miller to quash the service of the summons upon him is granted, but with leave to plaintiffs to accomplish timely personal service upon said defendant.

---

**1.** The last sentence of Rule 4(g) recites: "Failure to make proof of service does not affect the   validity of the service."