**S.J. GROVES & SONS COMPANY, Plaintiff–Appellant,**

v.

**J.A. MONTGOMERY, INC., Defendant–Appellee,**

and

**Controlled Blasting, Inc., Defendant.**

No. 88–3540.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1988.

Decided Jan. 24, 1989.

Rehearing and Rehearing In Banc Denied March 22, 1989.

Michael L. Minsker (Cozen and O'Connor, Philadelphia, Pa., R. Dean Hartley, Phillips, Gardill, Kaiser, Boos & Hartley, Wheeling, W. Va., on brief) for plaintiff-appellant.

Stephen R. Crislip (Deborah Y. VanDervort, Jackson & Kelly, Charleston, W. Va., on brief) for defendant-appellee.

Before WILKINS, Circuit Judge, HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

WILKINS, Circuit Judge:

S.J. Groves & Sons Company appeals from the dismissal of its suit against J.A. Montgomery, Inc. for failure to effect service of process. Fed.R.Civ.P. 12(b)(5). We reverse and remand.

### I.

On May 5, 1987 Groves filed a breach of contract action against Montgomery in West Virginia. Groves attempted to serve Montgomery in Delaware at its principal place of business pursuant to Federal Rule of Civil Procedure 4(c)(2)(C)(ii) by mailing a summons and a complaint, a notice of acknowledgment and receipt form, and a postage paid envelope. After Montgomery failed to return the acknowledgment form,

Groves again attempted to serve Montgomery by delivering to the West Virginia Secretary of State a summons and complaint pursuant to W.Va.Code § 31–1–15 (1988 Repl.Vol.) and § 56–3–33 (1966 & Supp. 1988) and Federal Rule of Civil Procedure 4(d)(3). The Secretary of State acknowledged service of process on June 29, 1987.

On July 13, 1987 Montgomery moved to dismiss the complaint or to quash the service of process on the West Virginia Secretary of State. It argued that under *Armco, Inc. v. Penrod–Stauffer Building Systems, Inc.*, 733 F.2d 1087 (4th Cir.1984), once Groves unsuccessfully attempted service pursuant to Rule 4(c)(2)(C)(ii), it was foreclosed from perfecting service pursuant to state law procedures as provided by Rule 4(c)(2)(C)(i). The district court agreed and dismissed the suit against Montgomery.

## II.

Rule 4(c)(2)(C)(ii) provides that process may be served upon a corporation:

> [B]y mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) [providing for service by any non-party over 18 years of age] or (B) [providing for service by a federal marshal] of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Subdivision (d)(3) prescribes that service on a corporation may be effected:

> [B]y delivering a copy of the summons and of the complaint to an officer ... or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Rule 4(c)(2)(D) provides that where service is attempted by mail pursuant to Rule 4(c)(2)(C)(ii) but the defendant fails to return the acknowledgment form without good cause, the defendant will be liable for the costs of personal service.

In *Armco* the plaintiff attempted to serve the defendant corporation pursuant to Rule 4(c)(2)(C)(ii) by sending the summons and complaint and two copies of the acknowledgment form by registered mail, restricted delivery, return receipt requested. An officer of the defendant corporation signed the return receipt upon delivery, but failed to return the acknowledgment form. "No other service of process was attempted" by the plaintiff beyond this one mailing. *Armco*, 733 F.2d at 1088. The district court found that service was ineffective under Rule 4(c)(2)(C)(ii) because the acknowledgment form had not been returned, but held that the service was effective under state law and entered a default judgment. This court reversed, holding that "[o]nce service is attempted under Rule 4(c)(2)(C)(ii), service of process in accordance with state law, as otherwise authorized by [Rule] 4(c)(2)(C)(i), is not permissible." *Armco*, 733 F.2d at 1089. *Accord Combs v. Nick Garin Trucking*, 825 F.2d 437, 444–48 (D.C.Cir.1987); *Stranahan Gear Co. v. NL Industries, Inc.*, 800 F.2d 53, 56–58 (3d Cir.1986). The court reasoned that a defendant should not be subject to a default judgment for failure to return the acknowledgment form where the notice explicitly stated that the only consequence of such failure was responsibility for the cost of service by other means. *Armco*, 733 F.2d at 1089.

Under *Armco*, if a plaintiff attempts service by mail under Rule 4(c)(2)(C)(ii) and the defendant does not timely return the acknowledgment form, that same mailing cannot be recharacterized as effective service under state law. *See Combs*, 825 F.2d at 448. However, a plaintiff is not prohibited from making a second, separate attempt to serve an out-of-state corporate defendant under available state law procedures. *See Humana Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390 (5th Cir.1986).

Here Groves used a state law procedure permitted by Rule 4(d)(3) to serve Montgomery after Montgomery failed to respond to the Rule 4(c)(2)(C)(ii) service. We hold that the second service was effective notwithstanding Montgomery's earlier failure to acknowledge receipt of the Rule 4(c)(2)(C)(ii) service attempt.

REVERSED AND REMANDED.