**MARYLAND STATE FIREMEN'S ASSOCIATION, Plaintiff,**

v.

**John CHAVES, President Firefighters Association of America, Defendant.**

**Civil Action No. PJM 96–2.**

United States District Court, D. Maryland.

April 25, 1996.

Roger N. Powell, Pikesville, MD, for plaintiff.

## OPINION

MESSITTE, District Judge.

### I.

The Maryland State Firemen's Association ("MSFA") has sued John Chaves, President of the FireFighters Association of America ("FFA"), alleging that Chaves illegally solicited charitable contributions that MSFA has the right to recover.[1] The Complaint was filed on January 2, 1996. On March 4, MSFA filed a Motion for Judgment by Default. On March 11, based on MSFA's attorney's affidavit of service, the Clerk entered default against Chaves for failure to plead.

On April 9, the Court sent a letter to MSFA's counsel questioning the validity of the service and requesting a more detailed affidavit describing the type of service employed and a brief legal memorandum indicating why counsel believed service was effective. The Court has now received and considered MSFA's submission. Because the Court judges service of process invalid in this case, the Court will SET ASIDE the Clerk's Entry of Default and DENY MSFA's Motion for Default Judgment.

### II.

■ It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant. *See* Fed.R.Civ.P. 55(a) (requiring entry of default when a defendant "has failed to plead or otherwise defend as provided by these rules"); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D.Iowa 1995) (where it appears that plaintiffs "have never properly served the defendants, ... neither entry of default nor entry of default judgment would be proper").

### III.

■ The affidavits submitted by MSFA's counsel posit these facts: MSFA served Chaves with the summons and complaint by first class mail on or about January 3, 1996. These were sent to the address on Chaves's letterhead, which MSFA's attorney was in possession of by reason of prior correspondence with Chaves. Between January 9 and January 15, MSFA's attorney received three phone calls from one Mitchell Gold, purportedly speaking on behalf of FFA. According to Gold, the defense of the instant action was being referred to an attorney in New York named Seth Pearlman. Since the three phone calls, however, MSFA's attorney has not heard from anyone on behalf of Chaves or FFA.

### IV.

MSFA contends that service was effective under Federal Rule of Civil Procedure 4(c)(2)(C)(ii).[2] That rule, however, has been superseded by Rule 4(d) via the 1993 Amendments. Nonetheless, under either the old rule or the new rule, service was invalid. Alternatively, MSFA may be contending that service was effective under Maryland Rules of Procedure 2–121 or 2–122. This argument would also be unavailing.

### A. *The Old Rule 4(c)(2)(C)(ii)*

Prior to the 1993 Amendments, Rule 4(c)(2)(C)(ii) allowed service of process

by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment ... and a return envelope, postage prepaid, addressed to the sender. If no ackowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such sum-

---

1. The Court takes no position at this time as to whether MSFA has stated a cause of action.

2. Although MSFA repeatedly cites "Rule 4(c)(C)(ii)," by context it clearly means Rule 4(C)(2)(C)(ii).

mons and complaint shall be made under [other provisions of this rule].

The United States Court of Appeals for the Fourth Circuit explained that the effectiveness of Rule 4(c)(2)(C)(ii) was "dependent upon an appropriate response by the defendant on the Notice and Acknowledgment for Service by Mail form." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1088 (4th Cir.1984). Even if a defendant had actual notice that an action had commenced by the filing of a complaint, as in *Armco*, "the rules [were] there to be followed, and plain requirements for the means of effecting service of process [could] not be ignored." *Id.* at 1089.

MSFA argues that the U.S. Court of Appeals for the Second Circuit in *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir. 1984), held that service pursuant to Rule 4(c)(2)(C)(ii) was effective so long as it could be shown that the defendant actually received the mail. This argument is misplaced. Second Circuit law regarding compliance with the terms of Rule 4(c)(2)(C)(ii) was never applicable; the Fourth Circuit's rule of strict compliance was. *See Armco, supra.* Moreover, the Fourth Circuit rule was the *majority* rule. *Gulley v. Mayo Foundation*, 886 F.2d 161, 165 (8th Cir.1989) (citing cases in the various circuits that adopted the majority rule).[3]

### B. *The New Rule 4(d)*

For cases pending on or after December 1, 1993, including the present case, Rule 4(d) replaces the old Rule 4(c)(2)(C)(ii). *See* Transmittal Order of Supreme Court, 146 F.R.D. 401, 403 (1993). A plaintiff is authorized to send a defendant notice of the action and a request for waiver of service. Fed. R.Civ.P. 4(d). If a plaintiff chooses this path, the defendant has a duty to avoid unnecessary costs of serving the summons. *Id.* If a defendant in the United States refuses to waive service, "the court shall impose the costs subsequently incurred in effecting ser-

vice on the defendant unless good cause for the failure be shown." Rule 4(d)(2). The Committee Notes to Rule 4(d) state: "Unless the addressee consents, receipt of the request under the revised rule does not give rise to any obligation to answer the lawsuit [and] does not provide a basis for default judgment." Advisory Committee Notes, 146 F.R.D. at 562. While the Fourth Circuit has yet to interpret this aspect of Rule 4(d), its requirement of strict compliance with old Rule 4(c)(2)(C)(ii) strongly suggests that Rule 4(d) will also be strictly enforced, even where a defendant has actual notice of the pendency of a lawsuit.

### C. *Maryland Rules*

Under the federal rules, a plaintiff may serve process "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed.R.Civ.P. 4(e). The closest fit to the facts of the present case is Maryland Rule of Procedure 2–121, which allows service of process by certified mail. MSFA, however, sent the complaint and summons to Chaves by first class, not certified, mail. Thus it did not meet the requirements of Rule 2–121. MSFA also cites Maryland Rule 2–122, which allows service by posting or publication, but only in in rem or quasi in rem proceedings and then only upon court order. The rule has no bearing. The present proceeding is neither in rem nor quasi in rem, and this Court has never authorized any form of service.

### V.

Since service of process was invalid, the Clerk's Entry of Default was improper and the Court will set it aside. *See* Fed.R.Civ.P. 55(c). MSFA's Motion for Default Judgment will be denied.

---

**3.** In any event, *Morse* is distinguishable from this case. In *Morse*, plaintiff effected personal service after defendant failed to return the acknowledgment of service contemplated under Rule 4(c)(2)(C)(ii). In the meantime, the statute of limitations had run. The court held that service by mail was effective. While the *Morse* plaintiff

went on the serve defendant personally, MSFA has not done so in the present case. Even the *Morse* court acknowledged that Rule 4(c)(2)(C)(ii) called "for a second (personal) service should defendant ignore the rule by refusing to return the acknowledgment." *Id.* at 39.