REYNOLDS INNOVATIONS,
INC., Plaintiff,

v.

E–CIGARETTEDIRECT, LLC, d/b/a "E–Cigarettedirect.com"; Veppo, Inc., d/b/a "E–Cigarettedirect" and "Veppocig.com"; Sabina King, individually and d/b/a "E–Cigarettedirect.com" and "Veppocig.com"; and Michael Keith King, individually and d/b/a "E–Cigarettedirect.com" and "Veppocig.com," Defendants.

No. 1:11–cv–581.

United States District Court,
M.D. North Carolina.

Jan. 31, 2012.

Laura Craver Miller, William M. Bryner, Kilpatrick Townsend & Stockton, LLP, Winston–Salem, NC, for Plaintiff.

## ORDER

CATHERINE C. EAGLES, District Judge.

This matter is before the Court on the Motion for Final Judgment and Permanent Injunction by Default filed by Plaintiff Reynolds Innovations, Inc. ("RII"). (Doc. 11.) The Court is not satisfied at this stage that it has personal jurisdiction over E–CigaretteDirect, LLC, or Veppo, Inc.

## I. PROCEDURAL HISTORY

RII filed suit against the four defendants asserting claims for Lanham Act violations, unfair and deceptive trade practices under North Carolina law, and trademark and unfair competition under North Carolina law. (Doc. 1 at 13–19.) RII moved for the entry of default, pursuant to Federal Rule of Civil Procedure 55(a), after the Defendants failed to file a responsive pleading to the Complaint. (Doc. 8 at 2.) Thereafter, the Clerk of Court entered default against all Defendants. (Doc. 10 at 1–2.) RII then filed the present motion for entry of default judgment, seeking a permanent injunction, attorney's fees, and costs. (Doc. 11 at 1–2.)

## II. DEFAULT JUDGMENT AND JURISDICTION

Rule 55(b)(2) authorizes a court to enter default judgment against a properly served defendant who fails to plead or otherwise defend against the allegations in the complaint. Fed.R.Civ.P. 55(b)(2). The Fourth Circuit has "repeatedly expressed a strong preference that ... defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir.2010); *accord* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2681 (3d ed. 1998). A court must "exercise sound judicial discretion" in deciding whether to enter default judgment, and "the moving party is not entitled to default judgment as a matter of right." *EMI April Music, Inc. v. White*, 618 F.Supp.2d 497, 505 (E.D.Va.2009); *see United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir.1998). If the court does not have personal jurisdiction over the defendant, then any judgment entered against the defendant is void. *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984).

Federal Rule of Civil Procedure 4(h) appears to govern service because E–CigaretteDirect is a limited liability company and Veppo is a corporation.[1] Proper service may be effected under Rule 4(h) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent author-

---

1. RII has not cited the rule on which it relies for service.

ized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1)(B).

RII has filed a declaration of counsel to demonstrate proof of service. (Doc. 9; *see also* Doc. 7.) The proof of service indicates that Karl Brown, a process server in Illinois, served Michael King with the Summonses and Complaints directed to E–CigaretteDirect and Veppo. According to the affidavit of Mr. Brown, the Summons and Complaint directed to Defendant E–CigaretteDirect, LLC, were served on Michael King "at the defendant's usual place of abode" in La Grange, Illinois. (Doc. 9–1 at 4.) The Summons and Complaint directed to Defendant Veppo, Inc., were served the same way. (Doc. 9–1 at 5.) There is no indication of Mr. King's authority to receive the Summons and Complaint on behalf of either E–CigaretteDirect or Veppo. The Complaint alleges that Mr. King is the "owner and operator" of E–CigaretteDirect and Veppo (Doc. 1 at 6 ¶ 10) but is silent as to whether he is an officer or otherwise an agent authorized to receive service. The Complaint further alleges that E–CigaretteDirect and Veppo are business entities organized under the laws of Colorado, with addresses in Parker, Colorado, not Illinois.

 The burden rests on the plaintiff to show that the service of process, and the process itself, meet the requirements of Rule 4. *Plant Genetic Sys., N.V. v. Ciba Seeds,* 933 F.Supp. 519, 526 (M.D.N.C. 1996). The current record is insufficient factually for the Court to determine whether RII properly served E–CigaretteDirect or Veppo. RII fails to provide evidence of the identity of either defendant's authorized agent for service of process or the status of Mr. King as "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." It further appears the Summonses and Complaints were left at a residence of Mr. King in Illinois, even though the addresses of E–CigaretteDirect and Veppo are in Colorado. Enough questions are raised that the Court needs more before it will proceed. *See Norfolk S. Ry. Co. v. Old Stage Partners, LLC,* No. 5:07–CV457–F, 2008 WL 5220219, at *3, 2008 U.S. Dist. LEXIS 100561, at *8 (E.D.N.C. Dec. 12, 2008) (refusing to enter default judgment because of questions concerning service).

It is therefore **ORDERED** that, on or before February 15, 2012, RII shall file a supplemental memorandum of law and appropriate documentary evidence, including affidavits, to support its contentions that it properly served E–CigaretteDirect and Veppo with the Summons and Complaint and that this Court has jurisdiction over these defendants.