MANUFACTURERS HANOVER TRUST
COMPANY, Plaintiff–Appellant,

v.

William R. PONSOLDT,
Defendant–Appellee.

No. 93–4865.

United States Court of Appeals,
Eleventh Circuit.

April 19, 1995.

Julian H. Kreeger, P.A., Miami, FL, for
appellant.

Before TJOFLAT, Chief Judge, COX,
Circuit Judge, and YOUNG *, Senior District
Judge.

TJOFLAT, Chief Judge:

The version of Rule 4 of the Federal Rules
of Civil Procedure that governed service of
process at the time the complaint was filed in
this case [1] provided for three methods of
serving an individual defendant. The pri-
mary method, personal service, required that
the process server "deliver[ ] a copy of the
summons and complaint to the individual
personally," or that the process server leave
a copy of the summons and complaint with a
competent person at the defendant's home,
or with an authorized agent. Fed.R.Civ.P.
4(d)(1). In addition, Rule 4 provided for two
alternative service methods: service "pursu-
ant to the law of the State in which the
district court is held" and service "by first-
class mail." Fed.R.Civ.P. 4(c)(2)(C)(i) & (ii).

In this case, the appellant, Manufacturers
Hanover Trust Company ("Manufacturers"),
failed to obtain personal service over the
appellee, William R. Ponsoldt ("Ponsoldt").
As the record indicates, although Ponsoldt
was often present in his home or at his place
of business on the several occasions when the
process server attempted to perfect service
at those locations, Ponsoldt was able—usual-
ly with the assistance of people in his home
or at his office—to evade service. Having
exhausted all reasonable means of obtaining
personal service, Manufacturers turned to
service by first-class mail, but these attempts
were equally unsuccessful. Thereafter, as

---

* Honorable George C. Young, Senior U.S. District
Judge for the Middle District of Florida, sitting
by designation.

1. The complaint in this case was filed on May 21,
1991. Therefore, service of process in this case
is governed by the version of Rule 4 in effect at
that time. The current version of Rule 4 took
effect, following amendment, on December 1,
1993.

the record indicates, during a sixty-day extension of Rule 4(j)'s 120–day period for service granted by the district court, Manufacturers perfected substituted service pursuant to Fla.Stat. § 48.181(1) (1991),[2] which stated in pertinent part: ·

> The acceptance by any person ... who is a resident of the state and ... conceals his whereabouts, of the privilege extended by law ... to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the person[ ] ... of the Secretary of State of the state as their agent on whom all process in any action or proceeding against [him] ... arising out of any transaction or operation connected with or incidental to the business or business venture may be served.[3]

The district court, however, in granting the sixty-day extension for service, had contemplated that Manufacturers would serve Ponsoldt *personally,* as provided in Rule 4(d)(1). The court believed that our decision in *Schnabel v. Wells,* 922 F.2d 726 (11th Cir. 1991), required personal service and that substituted service would not suffice. Because Ponsoldt was not served personally, the district court *sua sponte* dismissed Manufacturers' complaint without prejudice for failure to perfect service of process on the defendant.

Manufacturers now appeals.[4] We conclude that Rule 4 provided both substituted service and personal service as a means for Manufacturers to perfect service of process and that Manufacturers has established a *prima facie* case of perfecting substituted service under Fla.Stat. § 48.181(1). Consequently, we vacate the district court's dismissal order and remand the case for further proceedings.

## I.

## A.

As noted *supra,* personal service was the primary method of serving process under Rule 4; the Rule, however, provided two alternative means of perfecting service. The first allowed service "pursuant to the law of the State in which the district court is held." Fed.R.Civ.P. 4(c)(2)(C)(i). The second permitted service by first-class mail. Fed. R.Civ.P. 4(c)(2)(C)(ii). The district court relied upon this latter provision, and our supposed interpretation of it in *Schnabel,* to deny Manufacturers' attempt to serve Ponsoldt by substituted means.

Subdivision (C)(ii) stated that a summons and complaint could be served upon a defendant:

> by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint *shall be made ... in the manner prescribed by subdivision (d)(1) [personal service]* ....

(emphasis added). Thus, the efficacy of a plaintiff's attempt at service by mail rested entirely in the hands of the defendant: If the defendant refused service, service was not perfected.

Because the default provision of subdivision (C)(ii) made no reference to service in accordance with state law procedures (subdivision (C)(i)), some courts, like the district court in this case, have interpreted the above quoted language—regarding how service shall be made once service by mail fails—as foreclosing the plaintiff's opportunity to use state law methods. Many of these courts, however, have reversed course and have given a more equitable reading to the mail service provision. *Compare Norlock v. City*

---

**2.** In stating that Manufacturers has perfected substituted service under Florida law, we mean, as we indicate *infra,* that Manufacturers has established a *prima facie* case that it has done so.

**3.** Manufacturers perfected substituted service under Fla.Stat. 48.181(1) by using the procedure set forth in Fla.Stat. 48.161(1).

**4.** Ponsoldt made no appearance in the district court, and he has not filed a brief in this court.

*of Garland,* 768 F.2d 654, 657 (5th Cir.1985) ("By first essaying service by mail, [plaintiff] 'thereafter locked [him]self into the only subsequent mode of service, namely, actual personal delivery....'" (second alteration in original)) *with Humana, Inc. v. Jacobson,* 804 F.2d 1390, 1393 (5th Cir.1986) ("If the plaintiff does not effect service [by mail], ... [s]ervice pursuant to state-law procedure is still permitted."); *compare Stranahan Gear Co. v. NL Indus.,* 800 F.2d 53, 56–57 (3d Cir.1986) (personal service mandated after unsuccessful service by mail) *with Umbenhauer v. Woog,* 969 F.2d 25, 31 & n. 7 (3d Cir.1992) (state process still allowed after unsuccessful service by mail); *compare Armco, Inc. v. Penrod–Stauffer Bldg. Sys.,* 733 F.2d 1087, 1089 (4th Cir.1984) (personal service required) *with S.J. Groves & Sons Co. v. J.A. Montgomery, Inc.,* 866 F.2d 101, 102 (4th Cir.1989) (state process still available).

### B.

In *Schnabel,* faced with the plaintiff's unsuccessful attempt to perfect service by mail under subdivision (C)(ii), we held that the defendant's actual notice of the lawsuit was not sufficient to cure the defectively executed service. 922 F.2d at 728. In reaching this conclusion, we emphasized the plaintiff's wholesale disregard for both the letter and spirit of Rule 4.

The plaintiff in *Schnabel* had filed suit against the defendant just two days before the expiration of the statute of limitations. The plaintiff attempted service by certified mail (return receipt requested), but failed to comply with the straightforward requirements of subdivision (C)(ii) regarding inclusion of an acknowledgment form and a self-addressed return envelope. The defendant answered the complaint and pleaded, among other defenses, insufficient service of process. Although more than two months of the 120 days for service remained at the time of the defendant's answer, the plaintiff failed to take any action to serve the defendant by other means. Instead, the time for service expired, and the defendant successfully moved for summary judgment.

On appeal, we affirmed the judgment of the district court, determining that Congress had established the procedures for service by mail purposefully and with particularity, and pointing to congressional rejection of a proposal under the Rules Enabling Act that would have permitted service by certified mail. *Id.* at 728. We found that Congress had deliberately included in subdivision (C)(ii) the provisions prescribing effective acknowledgment of service by the defendant. *Id.* Furthermore, we quoted a sponsor of the bill to demonstrate congressional intent that "'if the proper person receives the notice but fails to return the acknowledgment form, *another method of service authorized by law is required.*'" *Id.* (emphasis added).

The plaintiff contended that certified mail provided notice and acknowledgment sufficient to satisfy the demands of Rule 4. We rebuffed the plaintiff's assertion with our examination of congressional intent and by quoting with approval the Fifth Circuit's decision in *Norlock,* 768 F.2d 654. *Norlock* had also addressed the question of a plaintiff's failure to comply with the acknowledgment form requirements of subdivision (C)(ii):

> Finding no error in the court's insistence on compliance with the plain language of the rule, so easy to follow, we affirm. Service by mail is quick, convenient, and inexpensive. Because, however, it is subject to abuse, the well-considered requirements of the rules, designed to assure that mail service will be adequate, are not to be disregarded with impunity.

768 F.2d at 655, *quoted in Schnabel,* 922 F.2d at 728. In the course of reaching our holding that the defendant's actual notice did not cure the otherwise defective service of process, we stated: "If a defendant receives mail service, but chooses not to respond, the plaintiff must effect personal service." 922 F.2d at 928. This statement, combined with Manufacturers' failure to serve Ponsoldt *personally* after its unsuccessful attempt to serve him by mail, led the district court to dismiss the case.

To the extent that our decision in *Schnabel* indicated that personal service was the *only* remaining option for a plaintiff who has unsuccessfully attempted service by mail, that portion of the opinion is dictum. The plain-

tiff in *Schnabel* did not argue that service methods other than personal service could be utilized to overcome his deficient attempt at service by mail. Indeed, the plaintiff had *not* sought to serve the defendant by *any* method of service, personal or otherwise, other than certified mail. In short, *Schnabel* was a case where a plaintiff attempted to use his own inadvertence to thwart the requirements of Rule 4 and, therefore, is inapposite to this case.

### C.

We find support for our determination—that a prior attempt to serve Ponsoldt by mail did not foreclose Manufacturers' right subsequently to serve Ponsoldt by substituted means—in the Fifth Circuit's opinion in *Humana,* 804 F.2d 1390. The facts of *Humana* are strikingly similar to the case before us. In *Humana,* the plaintiff attempted to serve the defendant by mail, but failed to receive an acknowledgment of receipt of the summons and complaint from the defendant. Thereafter, the plaintiff attempted to serve the defendant personally, but was unable to do so because the defendant had left the state. Employing yet a third method in its attempt to serve the defendant, the plaintiff delivered a copy of the summons and complaint to the Texas Secretary of State, thus perfecting substituted service.

Not surprisingly, given the Fifth Circuit's instruction in *Norlock* that the plaintiff, after making an initial attempt at service by mail, was required to serve the defendants personally, 768 F.2d at 657, the defendant in *Humana* contended that the plaintiff's substituted service upon the Secretary of State was improper and invalid. Disagreeing, the court dismissed its *Norlock* statement as "dictum" and gave the following explanation of Congress' purpose in instituting the strict requirements of subdivision (C)(ii): "The congressional action, designed to ensure fair treatment of defendants, indicates no intention to create unfairness for plaintiffs by eliminating an otherwise permissible method of service." 804 F.2d at 1393. Having discredited the restrictive reading of subdivision (C)(ii) intimated in *Norlock,* the Fifth Circuit

provided a clear statement of the appropriate application of the provision:

> A plaintiff may attempt the inexpensive method of using the mail. If the plaintiff does not effect service in this way, service must be made in some other fashion. The use of the word "shall" [in subdivision (C)(ii)] does not automatically require that, if the attempt to effect service by mail fails, only personal service is permitted. Service pursuant to state-law procedure is still permitted.

*Id.*

■ We agree with the reasoning of the Fifth Circuit in *Humana.* In a case such as the one before us, where a plaintiff unsuccessfully attempts to perfect service by mail yet continues to attempt service by other means, we can conceive of no reason to limit the plaintiff's available options for service of process. Therefore, if Manufacturers perfected service on Ponsoldt—by mail, by state procedures, or personally—at any time before the district court dismissed the action due to the expiration of time for service, the case was improperly dismissed.

### II.

■ As the record in this case makes clear, Manufacturers delivered a copy of its summons and complaint to the Secretary of State of Florida within the sixty-day extension granted by the district court for service of process. Thereafter, in accordance with Florida law, the Secretary provided Manufacturers with a letter receipt acknowledging that "a copy of the process and initial pleading ... was accepted for ... Ponsoldt." Manufacturers made this letter a part of the record before the district court dismissed its complaint and, thus, established a *prima facie* showing of substituted service on Ponsoldt under Florida law.

Accordingly, we VACATE the district court's judgment and REMAND the case for further proceedings not inconsistent herewith.

IT IS SO ORDERED.