[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14909
Non-Argument Calendar
_____

D. C. Docket No. 05-20532-CV-FAM

CAROLYN V. BOSTON,

Plaintiff-Appellant,

versus

JOHN E. POTTER,
POSTMASTER GENERAL OF
U.S. POSTAL SERVICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 21, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Carolyn Boston appeals the district court's dismissal of her Title VII complaint for failure to properly serve the defendant, John Potter, Postmaster General of the United States Postal Service, in a timely manner under Federal Rule of Civil Procedure 4(m). Boston contends the district court abused its discretion in dismissing her case and in denying her motion to extend time for service of process because the statute of limitations prevents her from refiling her case. Boston also appeals the district court's denial of her "motion to vacate." We conclude the district court did not abuse its discretion, and affirm.

Although we have not articulated a standard of review for *sua sponte* dismissals under Rule 4(m), we review for abuse of discretion a district court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a summons and complaint under the predecessor to Rule 4(m), former Rule 4(j). *Brown v. Nichols*, 8 F.3d 770, 775 (11th Cir. 1993). Similarly, we review for abuse of discretion a district court's decision whether to grant an extension of time to complete service of process under Rule 4(m). *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005).

A plaintiff serving the United States or its agencies must deliver a copy of the summons and the complaint to both the United States Attorney for the district in which the action is brought and to the Attorney General of the United States.

Fed. R. Civ. P. 4(i)(1)(A), (B). Additionally, a plaintiff suing an officer or agency must send a copy of the summons and the complaint by registered or certified mail to the officer or agency. Fed. R. Civ. P. 4(i)(2)(A). "The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the court,
> upon motion or on its own initiative after notice to the plaintiff, shall
> dismiss the action without prejudice as to that defendant or direct that
> service be effected within a specified time; provided that if the
> plaintiff shows good cause for the failure, the court shall extend the
> time for service for an appropriate period.

"Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp*, 402 F.3d at 1132.

In determining whether to exercise its discretion in extending the time for service of process, a district court may look to whether the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. *Id.* at 1132-1133. However, the running of the statute of limitations does not require a district court extend the time for service of process under Rule 4(m). *Id.* at 1133.

3

The district court did not abuse its discretion in denying an extension of time to serve and in dismissing Boston's complaint. Boston concedes she did not comply with the additional service requirements of Rule 4(i)(1). Also, Boston concedes she did not show good cause for her failure to serve a copy of the summons and the complaint on the Attorney General and the United States Attorney pursuant to Rule 4(i)(1)(A), (B).

While the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight. Boston's argument that the district court did not consider the limitations period when it dismissed her suit is based on a misreading of the order. The order dismissed Boston's action without prejudice and stated "all pending motions in this case are DENIED as moot with leave to refile if appropriate." Because this language related to motions, it was not necessarily an indication the district court did not consider the limitations period in dismissing Boston's suit. Even though Boston did not refer to the limitations period prior to dismissal, the district court could have taken it into account before deciding not to exercise its discretion in granting an extension of time to perfect service.

Additionally, Boston's argument the district court abused its discretion because the Postal Service had actual notice of the suit, and therefore could have defended it is meritless. Actual notice of a suit does not dispose of the requirements of service of process. *See Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 940 (11th Cir. 1995).

Regarding Boston's "motion to vacate," she filed the motion within ten days after the entry of judgment, and we consider this a motion for reconsideration under Rule 59(e). We review the denial of Boston's motion to alter or amend judgment pursuant to Rule 59(e) for an abuse of discretion. *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997).

Boston conceded she could not demonstrate good cause for her failure to properly serve process in this case. In denying Boston's motion for reconsideration, the district court stated it considered Boston's motion, the Postal Service's response, and the pertinent portions of the record. These pleadings, particularly those filed after the initial dismissal, referenced the fact the limitations period may have expired. Additionally, although the Postal Service falsely argued Boston's complaint tolled the limitations period, Boston's motion showed the dismissal of her complaint would result in her claims being barred by the statute of limitations. Therefore, the district court was again in a position to consider

5

whether the limitations period had expired and still chose not to exercise its discretion in reconsidering its judgment that Boston's complaint be dismissed. As the district court was not required to grant an extension of time for Boston to serve process, it was not required to reconsider its judgment on the issue. Therefore, we find no abuse of discretion and affirm the decision of the district court to dismiss Boston's complaint and her motion for reconsideration.

AFFIRMED.