[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

No. 07-12907
Non-Argument Calendar
_____

D. C. Docket No. 06-00206-CV-5-RS-EMT

ADEKUNLE B. OJELADE,

Plaintiff-Appellant,

versus

WILLIAM BUSTER COLEMAN,
LMHC Executive Director,
CHILDREN'S HOME SOCIETY,
Emerald Coast Division,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 7, 2007)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Adekunle Ojelade, proceeding *pro se*, appeals the district court's dismissal of his employment discrimination complaint for failure to effectuate service. Ojelade filed the complaint against his former employer, William Coleman, the director of Children's Home Society ("CHS"), and CHS, alleging disability discrimination, failure to accommodate his disability, disparate treatment, hostile work environment, and retaliation. On appeal, Ojelade argues that the district court's dismissal, pursuant to Fed. R. Civ. P. 4(m), was improper because he formally served process on both defendants though the United States Postal Service ("USPS").

We review the dismissal of a complaint without prejudice for failure to timely serve a defendant under Rule 4(m) for an abuse of discretion. *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). Rule 4(m) states that:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the court,
> upon motion or on its own initiative after notice to the plaintiff, shall
> dismiss the action without prejudice as to that defendant or direct that
> service be effected within a specified time; provided that if the
> plaintiff shows good cause for the failure, the court shall extend the
> time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

2

Rule 4(c)(2) provides, in relevant part that, "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2). Additionally, Rule 4(e) provides that service may be effected upon an individual: "(1) pursuant to the law of the state in which the district court is located . . .; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house . . . or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Florida law provides that process shall be served by the sheriff or by a "special process server appointed by the sheriff." Fla. Stat. § 48.021; *See Space Coast Credit Union v. The First, F.A.*, 467 So. 2d 737, 739 (Fla. Dist. Ct. App. 1985).

As an alternative to formal service on an individual defendant, a plaintiff may notify the defendant by mail of the commencement of a civil action and request that party to waive formal service. Fed. R. Civ. P. 4(d)(2). If the defendant fails to respond to service by mail, however, the plaintiff must effect personal service pursuant to Rule 4(e). *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Mfrs. Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 940 (11th Cir. 1995)).

Ojelade was instructed by the court numerous times on the methods

available for serving process on the defendants. The court explicitly advised

Ojelade that sending summonses via USPS was insufficient service. The court also

gave Ojelade two extensions of time: a 20-day extension, then a 30-day extension.

Ojelade did not properly effect service on either defendant during the time allotted,

despite the court's instructions and two extensions of time. Ojelade failed to enlist

"any person who is not a party and who is at least 18 years of age" to deliver a

copy of the summons and complaint to Coleman, and his use of USPS was not a

proper substitute because USPS was not a natural person and cannot effect service.

*See* Fed. R. Civ. P. 4(c)(2). Similarly, Ojelade did not serve process on CHS

because he did not enlist someone over the age of 18 to effect service on a proper

officer or agent of CHS, and USPS was not a proper substitute. Therefore, the

district court did not abuse its discretion in *sua sponte* dismissing the case under

Rule 4(m) because Ojelade did not follow the requirements of Rule 4. *See, e.g.*,

*Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (affirming

the dismissal of a *pro se* litigant's claims for failing to meet the explicit

requirements of Rule 4). Accordingly, we affirm.

**AFFIRMED.**