[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10325
Non-Argument Calendar

_____

D. C. Docket No. 05-00490-CV-OC-10-GRJ

WARREN LAVELL JACKSON,

Plaintiff-Appellant,

versus

WARDEN, FCC COLEMAN - USP,
Tracy Johns,
FORMER WARDEN STAN YATES,
STAFF ATTORNEY JEFFREY CAMPBELL,
JOHN DOE, #1,
JOHN DOE, #2,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 12, 2007)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Warren Lavell Jackson appeals the district court's dismissal of his complaint with prejudice. Although the district court noted that Jackson had failed to effect proper service on the defendants, the court dismissed the complaint with prejudice for failure to state a claim. For the reasons stated below, we vacate the dismissal with prejudice and remand for the district court to dismiss without prejudice for insufficient service of process.

## I. Background

Jackson, an inmate at the Federal Correctional Complex in Coleman, Florida, filed a complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) against prison officials claiming deprivation of his constitutional right of access to the courts for denying his request to be transferred temporarily to state custody for the purpose of testifying in his state habeas suit pursuant to a habeas corpus ad prosequendum writ. Jackson named Warden Yates, Yates' successor, Warden Johns, prison staff attorney Campbell, and two John Does as defendants.

Jackson petitioned the district court for permission to proceed in forma pauperis, but was denied because his prisoner account balance contained nearly

$3000. The district court issued a four page order advising Jackson of his responsibility to serve Defendants properly and outlining the procedures that would be involved in the lawsuit.

Jackson mailed, by certified mail, copies of the complaint and summons to defendants Johns, Campbell, and Yates at the Coleman correctional facility where Jackson is housed and where they work. Defendants Johns and Campbell received the complaint there. Defendant Yates, who had retired, did not receive that mail and, in fact, has never been served.

Upon review of the proofs of service filed by Jackson, the court issued an order that Jackson had failed to meet the requirements for service of process and directing Jackson to Rule 4 of the Federal Rules of Civil Procedure to determine how proper service should be effectuated. The court also warned Jackson that failure to serve the defendants properly would result in a dismissal of his case.

Defendants filed a motion to dismiss asserting that Jackson had failed to state a claim upon which relief could be granted, and failed to effect sufficient service of process. The district court granted this motion concluding that Jackson had failed to allege a violation of a constitutional right.

## II. Standard of Review

We review de novo a district court's interpretation of Rule 4 of the Federal

Rules of Civil Procedure.  Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1280 (11th Cir. 2007).

### III.  Discussion

It is undisputed that Jackson failed to serve the defendants properly.  The Federal Rules of Civil Procedure establish the proper method for serving an officer of the United States sued in his individual capacity for acts occurring in connection with performance of official duties for the United States.  See Rule 4(i)(2)(B).  Rule 4(i)(2)(B) states that such officers must be served by delivering the complaint and summons personally to the defendants, by leaving copies with a person of suitable age residing at the defendant's abode, or by delivery to an authorized agent.[1]  See Rule 4(e).  Jackson never had copies of the complaint and summons delivered to Defendants in compliance with Rule 4,[2] nor attempted to do so, nor requested that United States Marshals be directed to do so pursuant to Rule 4(c)(2).  Additionally, the United States must be served by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought—or a designated assistant United States Attorney—and by

---

[1] Rule 4(e) also allows for service pursuant to the law of the state in which the district court is located.  Florida law provides for service by methods included in the Federal Rules.

[2] Although Defendants Johns and Campbell did actually receive the complaint and summons, we note that actual notice of a suit does not dispose of the requirements of service of process.  See Manufacturers Hanover Trust Co. v. Ponsoldt, 51 F.3d 938, 940 (11th Cir.1995).

sending copies to the United States Attorney General in Washington, D.C.  <u>See</u> Rule 4(i)(1).  Jackson has never attempted to serve the United States.

Because Jackson failed to serve defendants properly, we find that this case should have been dismissed without prejudice.  <u>See</u> Rule 4(m).  It was, therefore, improper for the district court to have reached the merits in this case and to have issued a dismissal with prejudice.  <u>Pardazi v. Cullman Med. Center</u>, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").  Although Rule 4(m) provides for extensions of time to be granted where good cause is shown, we note that following his request for an extension of time to serve Defendants, Jackson simply repeated service by certified mail to the defendants' places of work and never attempted to serve the United States.[3]

### IV.  Conclusion

For the foregoing reasons, the dismissal with prejudice is **VACATED** and the case is **REMANDED** for entry of judgment consistent with this opinion.

---

[3] We acknowledge that Jackson requested production of Defendant Yates's address in order to serve him.  The court denied this motion as moot because the complaint failed to state a claim.  This motion should be reconsidered by the court upon remand.