[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13376

_____

D.C. Docket No. 03-03265 CV-RWS-1

JEANNIE A. HORENKAMP,

Plaintiff-Appellee,

versus

VAN WINKLE AND COMPANY, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 11, 2005)**

Before ANDERSON, PRYOR and HILL, Circuit Judges.

HILL, Circuit Judge:

Van Winkle and Company, Inc. appeals the denial of its motion to dismiss Jeannie A. Horenkamp's complaint for failure to timely perfect service of process. For the following reasons, we affirm the district court's denial of the motion.

I.

Jeannie A. Horenkamp filed her complaint against Van Winkle and Company, Inc. ("Van Winkle") on October 27, 2003. On October 30, 2003, she mailed Van Winkle a request for waiver of service. Van Winkle did not return the waiver. Mistakenly believing that she had until March 26, 2004, to perfect service, on February 26, 2004 (122 days after the complaint was filed), Horenkamp sent Van Winkle a second request for waiver of service. On March 24, 2004, Horenkamp finally served Van Winkle – 29 days after the 120-day time limit for service of process had expired. See Fed. R. Civ. P. 4(m).

Van Winkle subsequently moved to dismiss the complaint for failure to timely perfect service of process. The district court noted that under Fed. R. Civ. P. 4(m), a plaintiff's failure to timely perfect service of process may be excused for "good cause." Horenkamp's failure to timely serve Van Winkle, however, was due to mistake. Therefore, the district court concluded, good cause was not

2

shown. *See Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).[1]  Nonetheless, the court excused Horenkamp's untimeliness, holding that it had discretion to do so under Rule 4(m).  Noting that Van Winkle had notice of the suit via the request for waiver of service, and that it had now been properly served, the district court extended the time for service so that service was timely and denied the motion to dismiss.

The district court granted Van Winkle's motion to certify this denial for interlocutory appeal, as there is substantial ground for difference of opinion on the issue raised by the denial and an immediate appeal from the district court's order might materially advance the termination of the litigation.  See 28 U.S.C. § 1292(b).

## II.

Prior to the amendments of 1993, the federal rules required a district court to dismiss an untimely served complaint absent a showing of good cause for the failure.  Rule 4(j), Fed. R. Civ. P., provided:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action

---

[1]Horenkamp does not contest the district court's finding that there was not good cause for her failure to timely serve Van Winkle.

> *shall* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. (emphasis added)

Rule 4(j), therefore, was clear on its face that a court was required to dismiss a case if service of process was not effected within the120-day period, unless the plaintiff could demonstrate good cause for the failure to do so.

In 1993, however, this rule was amended and re-designated as Rule 4(m) to read as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time*; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .  (emphasis added)

Horenkamp argues that the 1993 amendment grants to the district court the discretion to extend the time for service of process, even in the absence of good cause.  Van Winkle contends that the amendment did not materially change the rule and that this circuit has so held.

While we have not directly addressed this issue before, several district courts in the circuit have interpreted the 1993 amendment to grant discretion to the district court to extend the time for service, even in the absence of good cause.

4

*Lau v. Klingler*, 46 F. Supp. 2d 1377 (S.D. Ga. 1999); *Madison v. BP Oil Co.*, 928 F. Supp. 1132 (S.D. Ala. 1996). *See also Pompey v. Lumpkin*, 321 F. Supp. 2d 1254, 1262 (M.D. Ala. 2004) ("it appears that the Eleventh Circuit cases holding that an extension could not be granted in the absence of good cause have been abrogated by the amendment to the rule"); *Ritts v. Dealers Alliance Credit Corp*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (granting extension in absence of good cause, relying upon Seventh Circuit's decision in *Panaras v. Liquid Carbonic Industries Corp*, 94 F.3d 338, 340 (7th Cir. 1996), holding that the 1993 amendment grants discretion to extend the time for service of process).[2]

Furthermore, a majority of the other circuits that have considered the effect of the 1993 amendment to Rule 4 have held that the 1993 amendment permits a district court to exercise discretion under Rule 4 to extend the time for service of process, even where the plaintiff has not shown good cause for his failure. *See Mann v. American Airlines*, 324 F.3d 1088 (9th Cir. 2003); *Panaras*, 94 F.3d at 340 (Seventh Circuit); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir. 1995); *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996); *Espinoza v. United*

---

[2]Van Winkle's reliance on several other Eleventh Circuit district court cases holding to the contrary is misplaced as they were decided prior to the 1993 amendment, or applied the pre-1993 rule without addressing the issue. *See, e.g., Hunt v. Dep't of Air Force*, 29 F.3d 583 (11th Cir. 1994 (dismissing complaint under Rule 4(j)); *In re Cooper,* 971 F.2d 640 (11th Cir. 1992); *Frisco v. Frank*, 929 F.2d 603 (11th Cir. 1991); *Schnabel v. Wells*, 922 F.2d 726 (11th Cir. 1991).

*States*, 52 F.3d 838 (10ᵗʰ Cir. 1995).[3]

Even the Supreme Court, in *dicta*, concluded that the 1993 amendment to Rule 4 affords discretion to the district court to extend the time for service even in the absence of good cause. *Henderson v. United States*, 517 U.S. 654 (1996). In *Henderson*, the Court said that under the ". . . 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is not good cause shown'. . . . The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow." *Id.* at 663-63. (internal citations omitted).

In reaching this conclusion the Supreme Court and our sister circuits have relied upon the Advisory Committee's Notes on Rule 4, in which the Committee noted that the 1993 amendment "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Although not binding, the interpretations in the Advisory Committee Notes "are nearly universally accorded great weight in interpreting federal rules."

---

[3]District courts in circuits that have not addressed this issue have also held that Rule 4(m) grants discretion to extend the time for service. *See McIsaac v. Ford*, 193 F. Supp. 2d 382 (D. Mass. 2002); *Knorr v. Coughlin*, 159 F.R.D. 5 (N.D.N.Y. 1994); *Slenzka v. Landstar Ranger, Inc.* 204 F.R.D. 322 (E.D. Mich. 2001); *Osborne v. First Union Nat. Bank of Delaware,* 217 F.R.D. 405 (S.D. Ohio 2003); *In re Hamrah*, 174 B.R. 109 (W.D. Mo. 1994).

*Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216 (S.D. Ohio 2000).[4]

Thus, today we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause. In reviewing a district court's exercise of such discretion, we again look to the Advisory Committee Note to Rule 4(m) for guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause. *See Panaras*, 94 F.3d at 338. In its Note, the Committee explained:

> Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.

In the instant case, the district court noted, in exercising its discretion to extend Horenkamp's time for filing, that if it were to dismiss her complaint, even without prejudice, her claim would be foreclosed because of the applicable statute of limitations. Noting that Van Winkle had notice of the suit and had now been properly served, the district court granted the extension of time to preserve

---

[4]Only the Fourth Circuit holds to the contrary. *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995). *But see Scruggs v. Spartanburg Regional Medical Ctr.*, 198 F.3d 237 (4th Cir. 1999) (calling *Mendez* into question following *Henderson*).

Horenkamp's claim.

We hold that the district court did not abuse its discretion in granting such an extension. Although the running of the statute of limitations does not require that a district court extend the time for service of process under the new rule, *see Panaras*, 94 F.3d at 341; *Petrucelli*, 46 F.3d at 1306, we agree with the district court that the circumstances of this case militate in favor of the exercise of the district court's discretion to do so. Accordingly, the denial of Van Winkle's motion to dismiss is

**AFFIRMED.**