[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 17, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-13818
Non-Argument Calendar

_____

D. C. Docket No. 05-00026-CV-HL-5

FRED CROSS,

Plaintiff-Appellant,

versus

ARCH W. MCGARITY,
E. BYRON SMITH,
DR. STEPHEN R. PORTCH,
ROBERT T. TRAMMELL,
DAVID A. BELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 17, 2005)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Fred Cross, proceeding pro se, appeals the dismissal of his complaint for failure to serve process on the defendants under Federal Rule of Civil Procedure 4(m). We affirm.

We review for abuse of discretion a dismissal without prejudice for failure to serve process. Brown v. Nichols, 8 F.3d 770, 775 (11th Cir. 1993). Rule 4(m) provides, "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . . [I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Cross filed his complaint on January 25. On June 16, the period of 120-days to serve process elapsed. On June 20, the district court ordered Cross to show cause for his failure to serve process. Cross timely responded on June 27, and in his response, Cross stated his erroneous belief that the court would serve process for him. The district court dismissed his complaint on June 30.

A court may grant an extension to serve process for either "good cause" or another sufficient ground. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). "Good cause" exists "when some outside factor such as reliance

2

on faulty advice, rather than inadvertence or negligence, prevented service."

Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991). Sufficient grounds other than "good cause" are within the discretion of the district court as guided by the examples provided in the advisory committee's notes to Rule 4(m). Horenkamp, 402 F.3d at 1132; Fed. R. Civ. P. 4(m), advisory committee's notes, 1993 amendments. Cross did not provide "good cause" for his failure to serve process, and Rule 4(c)(1) provides that Cross, not the court, was responsible for service of process. The district court did not abuse its discretion when it dismissed Cross's complaint.

**AFFIRMED**.