[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12203
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00039-JRH-WLB

DEBBIE LLOYD DASH,

Plaintiff-Appellant,

versus

DR. ARTHUR B. CHASEN,
DEPARTMENT OF THE ARMY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
(January 10, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Debbie Dash, proceeding pro se, appeals the district court's sua sponte

dismissal without prejudice of her complaint, brought under the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for failure to effect timely service on the defendants in accordance with Federal Rule of Civil Procedure 4.  After review, we affirm.

## I.  BACKGROUND

### A.    Federal Rule of Civil Procedure 4

Under Rule 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides 120 days for service as follows:

> **Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).  Rule 4(m) also provides that if the plaintiff shows "good cause" for the failure to serve within that 120 days, the court "must extend the time for service for an appropriate period."  Id.  "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks and alteration omitted).

Rule 4 further provides instructions on how to serve different types of defendants.  For example, to serve the United States, a party must deliver a copy of the summons and complaint to (1) the U.S. Attorney for the district where the

2

action is brought, and (2) the U.S. Attorney General of the United States at Washington, D.C.  Fed. R. Civ. P. 4(i)(1).  To serve a federal agency, a plaintiff must serve the United States, as described above, and also send a copy of the summons and complaint to the agency itself.  Id. 4(i)(2).

With this background, we turn to the facts of the present case.

**B.    Dash's Complaint and the District Court's Initial Instructions**

On March 25, 2011, Dash filed her complaint in the district court against Dr. Arthur Chasen and the Department of the Army ("Army"), alleging medical malpractice.  Dash's malpractice claim arose out of her surgical procedure in January 2007 at the Army Medical Center in Fort Gordon, Georgia.  Dash alleged that Dr. Chasen accidentally tore a muscle in her throat while performing the surgery; that she has suffered and will continue to suffer pain and severe medical complications as a result of this throat injury; and that Dr. Chasen misrepresented to her the scope and long-term consequences of the injury he caused.

On April 20, 2011, given Dash's pro se status, a magistrate judge issued an order to provide Dash with "some basic instructions regarding the development and progression of this case."  The order informed Dash that she was responsible for serving process on the defendants.  Because it was not clear in what capacity Dr. Chasen was being sued, the order instructed Dash on how to serve both individuals and government entities.  With regard to serving government entities,

3

the court's order instructed Dash that she would need to deliver a summons and complaint to (1) the civil process clerk at the office of the U.S. Attorney for the Southern District of Georgia; (2) the Attorney General of the United States, Eric H. Holder, Jr.; and (3) the officer or agency being sued.  The order further notified Dash that she had to serve the defendants within 120 days from the date she filed her complaint, pursuant to Federal Rule of Civil Procedure 4(m), and that failure to do so would result in dismissal.  The order directed the clerk to attach a copy of Rule 4 to Dash's copy of the order.

On August 1, 2011, more than 120 days after filing her complaint, Dash filed a "Response" to the magistrate judge's April 20 instructions order, stating that she was bringing her FTCA suit against the Army only, and not against Dr. Chasen personally.  Dash did not mention service of process in her "Response."

## C.    August 4, 2011 Show Cause Order

On August 4, 2011, the magistrate judge issued an order directing Dash to show cause as to why her suit should not be dismissed for failure to effect service. The magistrate judge stated that there was no evidence in the record that any of the defendants had been served.  The magistrate judge further directed the Clerk of Court to attach a copy of Rule 4(m) to Dash's copy of the order.

## D.    August 12, 2011 Extension of Time to Effect Service

4

On August 12, 2011, Dash responded to the show-cause order by moving for an extension of time to effect service. Dash stated that, since the filing of her complaint, she had experienced several physical and mental problems stemming from the throat injury caused by Dr. Chasen. On August 15, 2011, the magistrate judge granted Dash's motion for an extension, concluding that she had demonstrated good cause for failure to serve process. The magistrate judge gave Dash an additional 30 days (until September 14) to serve the defendants.

On August 24, 2011, Dash filed in the district court a one-page "Notice of Service on Defendants." In this notice, Dash asserted that on July 30, 2011, she had sent a "[n]otice of a lawsuit," a request to waive service of summons, and a waiver of the service of summons, via certified mail, to the "Army Headquarters Dwight David Eisenhower Army Medical Center" at Fort Gordon, Georgia. To corroborate this assertion, Dash attached a Certified Mail receipt from the U.S. Postal Service.

**E.    Dismissal of Dash's Lawsuit**

On September 28, 2011, the magistrate judge issued a Report and Recommendation ("R&R"), recommending that Dash's complaint be dismissed without prejudice for failure to effect timely service. The magistrate judge stated that, notwithstanding Dash's "Notice of Service on Defendants," there was no proof of proper service in the record. The magistrate judge noted that Dash had

not offered proof that she had served the civil process clerk of the U.S. Attorney for the Southern District of Georgia or the Attorney General of the United States, as instructed in the magistrate judge's April 20 instructions order.

The magistrate judge recognized that (1) certain factors, such as the running of a statute of limitations, may justify an extension of time for service even absent good cause, and (2) in the present case, the applicable statute of limitations might bar Dash's action upon refiling. However, the magistrate judge found no reason to once more extend time for service. The magistrate judge explained that, although Dash had filed her complaint six months previously and had already received an extension of time, there was no evidence that she "has made an attempt to properly effect service on Defendants." The magistrate judge stated that he had warned Dash on two separate occasions that failure to effect service would lead to the dismissal of her case. Accordingly, the magistrate judge recommended that Dash's case be dismissed without prejudice.

Dash filed several objections to the magistrate judge's R&R. Among other things, Dash stated that she had inquired with the Clerk of Court about proper service, but the clerk never informed her that she needed to serve the Attorney General. Dash also explained that she mistakenly served the Clerk of Court for the Southern District of Georgia, rather than the civil process clerk of the U.S.

6

Attorney for the Southern District of Georgia, because she thought that the two entities were the same.

The district court overruled Dash's objections to the R&R, finding, <u>inter alia</u>, that her assertion of ignorance as to whom service was due was contradicted by the magistrate judge's April 20 instructions order, which had expressly explained the proper procedures for effecting service. The district court adopted the magistrate judge's R&R and dismissed Dash's complaint without prejudice. Dash now appeals.

## II.  STANDARDS OF REVIEW

We review for abuse of discretion a district court's "dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m)." <u>Lepone-Dempsey</u>, 476 F.3d at 1280.  We also review for abuse of discretion a court's decision to grant or deny an extension of time under Rule 4(m). <u>See id.</u>[1]

## III.  DISCUSSION

### A.    Dr. Chasen

---

[1] We recognize that Dash was proceeding <u>pro se</u>, and for that reason may have had difficulty understanding the federal procedural rules governing service of process.  However, while we construe the pleadings of <u>pro se</u> litigants liberally, we still require them to conform to procedural rules that, in this case, were explained by the magistrate judge.  <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007).  Thus, Dash's <u>pro se</u> status alone did not warrant an extension of time to serve process. <u>See id.</u> (affirming the dismissal of a <u>pro se</u> plaintiff's complaint against one of the defendants for lack of proper service under Rule 4).

7

The record shows that Dash voluntarily abandoned her suit against Dr. Chasen.  In her August 1, 2011 "Response" to the magistrate judge's April 20 instructions order, Dash stated that she was not suing Dr. Chasen, but only the Army.  Furthermore, in her objections to the magistrate judge's R&R, Dash explained that she did not remove Dr. Chasen as defendant from the style of her case filings only because the court clerk advised her to leave him in the style to match her other filings.  Additionally, in her brief to this Court, Dash does not argue that she either served, or attempted to serve, process on Dr. Chasen.  Therefore, we affirm the district court's dismissal of Dash's complaint with regard to Dr. Chasen.

**B.    The Army**

Dash does not dispute that she never served the U.S. Attorney for the Southern District of Georgia or the U.S. Attorney General, though the magistrate judge's instructions order advised that both must be served to sue a government entity.

Dash also failed to show good cause for her failure to properly effect service after the district court granted her a 30-day extension.  She has not shown that her failure to serve the U.S. Attorney and the U.S. Attorney General resulted from some outside factor rather than mere inadvertence or negligence.  See Lepone-Dempsey, 476 F.3d at 1281.

We recognize Dash's objection to the magistrate judge's R&R that she discussed service requirements with the Clerk of Court, and that the clerk never told her to serve the Attorney General.  However, the magistrate judge's April 20 instructions order clearly explained to Dash that she should send her summons and complaint to both the civil process clerk of the U.S. Attorney for the Southern District of Georgia and the U.S. Attorney General Eric Holder, Jr., in addition to the agency being sued (the Army), as required by Rule 4(i).  Moreover, along with the April 20 order, Dash received a copy of Rule 4, which lays out the requirements for serving the United States and its entities.  See Fed. R. Civ. P. 4(i).  Nothing in the record indicates that the Clerk of Court affirmatively misled Dash as to who she was required to serve in addition to the Army.  Indeed, Dash admitted that she mistakenly served the Clerk of Court rather than the U.S. Attorney due to her own confusion of the two entities.

Although Dash failed to demonstrate good cause for her failure to properly effect service, this does not end the analysis.  If the plaintiff fails to show good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case."  Lepone-Dempsey, 476 F.3d at 1282.  For example, the district court may grant an extension "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Horenkamp v. Van

9

Winkle & Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (quoting Fed. R. Civ.

P. 4(m) advisory committee's note (1993 amendments)).  After considering

whether any such factors exist, the district court may "exercise its discretion and

either dismiss the case without prejudice or direct that service be effected within a

specified time."  Lepone-Dempsey, 476 F.3d at 1282.

In this case, the magistrate judge's September 28 R&R, adopted by the

district court, recognized that Dash's action likely would be time-barred upon

refiling by the applicable statute of limitations.  However, as the district court

noted, the April 20 instructions order gave Dash clear directions on how to

properly serve the government, and Dash had already received one extension of

time to effect service.  Thus, we cannot say that the district court abused its

discretion in finding that a second extension was unwarranted, despite the statute

of limitations.  See Horenkamp, 402 F.3d at 1133 (stating that "the running of the

statute of limitations does not require that a district court extend the time for

service of process" under Rule 4(m)); Rasbury v. IRS (In re Rasbury), 24 F.3d 159,

168 (11th Cir. 1994) ("[T]he abuse of discretion standard allows a range of choice

for the district court, so long as that choice does not constitute a clear error of

judgment." (internal quotation marks omitted)).[2]

---

[2]In her brief to this Court, Dash suggests that she failed to effect proper service because her medications caused her to be confused, forgetful, and unable to follow instructions. However, nothing in the record indicates that she brought this factor to the district court's

10

In light of the foregoing, we affirm the dismissal of Dash's lawsuit.

**AFFIRMED.**

---

attention after receiving an extension of time to effect service, and she did not mention this factor in her objections to the magistrate judge's R&R.  Thus, the district court had no reason to consider these mental issues in deciding whether to dismiss her case.