[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-14515
Non-Argument Calendar

————————————————

D.C. Docket No. 8:20-cv-00978-WFJ,
Bkcy No, 8:17-bk-05323-RCT

IN RE:

GREGORY LEE CUTULI,

Debtor.

————————————————————————————————————————

GREGORY LEE CUTULI,

Plaintiff - Appellant,

versus

MEHRDAD ELIE,

Defendant - Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(September 23, 2021)

Before JILL PRYOR, LUCK, and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Gregory Cutuli, a Chapter 7 debtor, appeals the district court's order affirming the bankruptcy court's final default judgment in an adversary proceeding brought by Mehrdad Elie.  The bankruptcy court declared that a $14,814,107.48 million California fraudulent transfer judgment Cutuli owed to Elie was not dischargeable in Cutuli's bankruptcy.  On appeal, Cutuli challenges the district court's decision to extend Elie's deadline for effecting proper service on Cutuli and his attorney pursuant to Federal Rules of Bankruptcy Procedure 7004(f) and 7004(g).  After careful review, we affirm.

The essential facts are found in the procedural history of this case, which we'll review at some length.  Cutuli and Elie were business partners whose relationship deteriorated into a series of disputes.  Eventually, a California court awarded Elie a $14,814,107.48 million fraudulent transfer judgment against Cutuli (the "California Judgment").  Separately, in connection with a bankruptcy case involving his wife, Cutuli pleaded guilty to one count of conspiracy to fraudulently transfer or conceal property in contemplation of a bankruptcy in violation of 18 U.S.C. § 371.  He was sentenced to six months in a federal prison in Miami.  In June 2017, either shortly before or during his incarceration, Cutuli retained counsel and filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida.  According to a fee disclosure statement Cutuli's counsel filed on the bankruptcy docket, the scope of the engagement with counsel that Cutuli had paid for was

2

limited: it did not include "[p]rosecution or defense of adversary proceedings."  The bankruptcy docket listed a Plant City, Florida address for Cutuli.

On September 15, 2017, Elie filed an adversary proceeding for a judgment declaring that the debt arising from the California Judgment was non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).  Two days later, Elie attempted mail service of a summons and copy of the complaint at Cutuli's Plant City address.  But Cutuli was incarcerated, so he did not receive service.  Elie learned of the defect and requested a new summons; Cutuli was personally served with the summons and complaint in prison on September 27.  All of this took place well within Federal Rule of Civil Procedure 4(m)'s ninety-day post-complaint time limit for service on the defendant, as well as within United States Bankruptcy Court for the Middle District of Florida Local Rule 7001-1(c)'s shorter twenty-eight-day period.  See Fed. R. Bankr. P. 7004(a)(1) (Federal Rule of Civil Procedure 4(m) applies to adversary proceedings).

When Cutuli failed to respond to the complaint, Elie moved for default. Cutuli's bankruptcy attorney appeared and objected on the ground that Elie had not served Cutuli's attorney in addition to serving Cutuli himself as required by Federal Rule of Bankruptcy Procedure 7004(g).  See Fed R. Bankr. P. 7004(g) ("If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney . . . .")  So Elie served the summons and complaint on Cutuli's attorney on December 14, 2017.  But the

3

summons Elie mailed had been issued back in September, and Federal Rule of Bankruptcy Procedure 7004(e) requires service within seven days after the summons issues (in this case, by October 2).

Thus, Cutuli, through his bankruptcy counsel, filed a motion to dismiss on grounds of insufficient process and insufficient service of process. See Fed R. Civ. P. 12(b)(4)–(5); Fed. R. Bankr. P. 7012(a). Cutuli claimed that the staleness of the summons when it was sent to his attorney rendered service insufficient, which he said was "a jurisdictional defect." Cutuli's counsel noted in the motion that he was "[m]aking a limited appearance for the purposes of asserting" insufficient process and insufficient service of process, a limitation he further confirmed to the bankruptcy court at the hearing on the motion to dismiss. In response, Elie stressed that he had properly served Cutuli, and that any defect in his service upon Cutuli's counsel did not deprive the court of jurisdiction. At a hearing, the bankruptcy court denied the motion to dismiss, reasoning that the fee disclosure "indicat[ed] that counsel would not be representing [Cutuli] in any adversary proceedings" and that, in any event, Cutuli's counsel had in fact received a copy of the complaint. The court ordered Cutuli to answer the complaint.

Cutuli declined to answer, and Elie again moved for default. Cutuli appeared without counsel at the motion hearing, and the court asked him whether he intended to answer the complaint and "defend [him]self." Cutuli responded, "I didn't file a

4

response.  I didn't have the money to fight the case." He also said he did not intend to object to the entry of default. The clerk entered default and the bankruptcy court granted default judgment to Elie.

Cutuli appealed, and the district court reversed the default judgment.  The district court concluded that Elie's failure to serve Cutuli's counsel with a fresh summons rendered his service of process defective, which in turn deprived the bankruptcy court of personal jurisdiction over Cutuli. Cutuli v. Elie (In re Cutuli), 389 F. Supp. 3d 1051, 1057–59 (M.D. Fla. 2019).  Therefore, the bankruptcy court had lacked the power to enter its default judgment.  However, the district court remanded for the bankruptcy court to "determine whether to extend the time within which Elie must effect service of process." Id. at 1059.  Elie appealed the reversal, but the Court of Appeals dismissed for lack of appellate jurisdiction because the district court's order was not final: it required the bankruptcy court to exercise significant discretion on remand.  Cutuli v. Elie (In re Cutuli), No. 19-13274-HH, 2019 WL 6482445, at *1 (11th Cir. Nov. 22, 2019).

Back in the bankruptcy court, Elie filed a motion to extend the time for service of process, which the court granted on two independent grounds.  First, Federal Rule of Civil Procedure 4(m) provides that the court "must extend the time for service for an appropriate period" "if the plaintiff shows good cause for the failure" to serve on time. Fed. R. Civ. P. 4(m) (emphasis added).  The bankruptcy court concluded that

5

good cause existed because "most of" Elie's continuing service delay was "attributable to" the bankruptcy court's own errors. The bankruptcy court, based on Cutuli's apparent statement at the default hearing that he would not contest the lawsuit, had entered default judgment in favor of Elie. Elie had no reason to resume efforts to effect proper service; he was entitled to rely on the bankruptcy court's rulings in his favor. To the bankruptcy court, this reasonable reliance was good cause for the service delay and mandated an extension.

Alternatively, the court held that even without good cause, it would exercise its discretion under Rule 4(m) to grant an extension. See Fed R. Civ. P. 4(m) (providing that when a defendant is not timely served, the court must dismiss the action "or order that service be made within a specified time") (emphasis added); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). Elie had tried to effect service; in fact, he had properly served Cutuli. And Cutuli had caused confusion concerning the need for service on his attorney by way of the disclosure stating that his attorney would not represent him in adversary proceedings and by appearing without counsel at the default hearing. Finally, denying an extension and dismissing the case would effectively operate as a final adjudication in favor of Cutuli, because the statute of limitations on non-dischargeability claims had already run. See Fed. R. Bankr. P.

6

4007(c) (providing that these kinds of claims must be filed no later than sixty days after the first date set for the meeting of creditors). Weighing these circumstances, the bankruptcy court held that "the equities lie with allowing this adversary proceeding to proceed and be adjudicated on the merits," and ordered Elie to effect service of process within twenty-one days.

Elie obtained a fresh summons and properly served both Cutuli and his attorney within the twenty-one-day window. Yet again, Cutuli did not answer or defend the action, and Elie successfully moved for default judgment. Cutuli appealed to challenge the bankruptcy court's decision to extend the time for service. The district court affirmed on the ground that the extension "was within the bankruptcy court's sound discretion and is a just result." The court principally relied on the fact that the statute of limitations would transform any dismissal for improper service into a judgment against Elie with prejudice, which "would have created a windfall for Cutuli, wiping away a multi-million-dollar judgment -- all because of a stale summons when Cutuli never even sought to defend once properly served." Cutuli appealed to this Court.

When, as here, the district court has affirmed the bankruptcy court, we conduct an independent review of the bankruptcy court's order. L. Sols. of Chi. LLC v. Corbett, 971 F.3d 1299, 1304 (11th Cir. 2020). In addition to requiring the bankruptcy court to extend the time limit for service when there is good cause for

7

the plaintiff's failure to serve on time, Federal Rule of Civil Procedure 4(m) "grants discretion to the [bankruptcy] court to extend the time for service of process even in the absence of a showing of good cause." Horenkamp, 402 F.3d at 1132; Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); Fed. R. Bankr. P. 7004(a) (Federal Rule of Civil Procedure 4(m) applies in bankruptcy adversary proceedings).

Thus, we review the bankruptcy court's decision to extend Elie's time for proper service for abuse of discretion. Horenkamp, 402 F.3d at 1133; Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1280 (11th Cir. 2007). "Such an abuse can occur only when the bankruptcy judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or [relies] upon findings of fact that are clearly erroneous." L. Sols. of Chi. LLC, 971 F.3d at 1304–05 (internal quotation marks and citation omitted). "[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." Id. at 1305 (internal quotation marks and citation omitted).

8

On appeal, Cutuli focuses on the length of the extension the bankruptcy court granted; as he calculates it, the bankruptcy court permitted service of process 845 days after the filing of the complaint.  In isolation, that does seem like a long time.  But Cutuli does not cite a single authority that sets a time limit on the bankruptcy court's extension discretion, much less one that would control this Court's decision.  Nor are we aware of any.  See Fed. R. Civ. P. 4(m) (providing only that the court may "order that service be made within a specified time").

More to the point, the abuse of discretion standard requires an examination of the bankruptcy court's reasons for exercising its discretion to grant an extension, rather than an isolated focus on the window's length.  It is not as if Elie was sitting on his hands between the initial service attempt and the grant of the extension.  He was litigating his position that any defects in his initial service method did not require dismissal of the case -- a position the bankruptcy court initially agreed with when it denied Cutuli's motion to dismiss for improper service of process.[1]  Once the district court rejected this position on appeal and the Eleventh Circuit declined to weigh in, Elie diligently moved for an extension of time and properly served Cutuli's counsel.  Elie had already timely and properly served Cutuli himself, so

---

[1] In fact, Elie continues to press this position as an alternative basis for affirming the bankruptcy court's judgment.  Because we affirm on the independently sufficient ground that the bankruptcy court did not abuse its discretion in granting an extension of the service deadline, we do not reach this alternative argument.  See Am. Gen. Life Ins. Co. v. Schoenthal Fam., LLC, 555 F.3d 1331, 1343 (11th Cir. 2009) (an appellee urging affirmance may raise alternative arguments that were rejected by the district court, but we may affirm on any ground supported by the record).

Cutuli had notice of the adversary claim against him.  Horenkamp, 402 F.3d at 1133 (affirming discretionary extension that was based in part on the fact that the defendant "had notice of the suit").  So did his attorney, at least in a practical sense: he had received a copy of the complaint and a summons (albeit a stale one).

Further, Cutuli's failure to answer the complaint and defend the action both after the bankruptcy court denied his motion to dismiss and after Elie properly served his attorney on remand suggests that the initial failure to serve a fresh summons upon Cutuli's attorney did not cause Cutuli any prejudice.  See George v. Pro. Disposables Int'l, Inc., 221 F. Supp. 3d 428, 435 (S.D.N.Y. 2016) (when determining whether to exercise their discretion to grant an extension, courts consider "whether the defendant had actual notice of the claims asserted in the complaint" and "whether [the] defendant would be prejudiced" by the extension).  And Cutuli's counsel's representation on the bankruptcy docket that he had not been retained for adversary proceedings caused at least some confusion about the need for service upon Cutuli's attorney.  It is plain that the bankruptcy court did not make any clear error of judgment in granting an extension.  Cf. Bertain v. Mitchell (In re Bertain), 215 B.R. 438, 443 (B.A.P. 9th Cir. 1997) (holding that "confusion" surrounding whether the service deadline was tolled during a continuance was a "valid basis for the bankruptcy court's exercise of its discretion" in granting additional time for service); Fed. R. Civ. P. 4(m) (Advisory Committee Note, 2015 Amendment) (noting that the

2015 amendment shortening the service deadline from 120 to 90 days would "increase the frequency of occasions to extend the time," like when "a defendant is difficult to serve").

Perhaps most importantly, the bankruptcy court acted well within its discretion when it rested its extension decision on the fact that dismissing the case for improper service would amount to a dismissal with prejudice because the statute of limitations on Elie's non-dischargeable debt claim had expired. We have squarely held that the expiration of the applicable statute of limitations is a permissible reason to extend the service deadline. Horenkamp, 402 F.3d at 1133; see also Lepone-Dempsey, 476 F.3d at 1282 (it was abuse of discretion for a district court not to consider the running of the statute of limitations when deciding whether to grant a discretionary service extension); Fed. R. Civ. P. 4(m) (Advisory Committee Note, 1993 Amendment) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."); 4 Charles Alan Wright et al., Federal Practice and Procedure § 1137 (Apr. 2021 Update) (noting that of the factors relevant to discretionary relief, "courts place the most emphasis on a statute of limitations bar").

In short, the bankruptcy court acted well within its considerable discretion when it granted Elie's motion for an extension of time to effect service of process.

11

**AFFIRMED.**[2]

---

[2] Because we agree with the district court that the bankruptcy court acted within its considerable discretion to grant an extension of time regardless of whether there was good cause for Elie's failure to serve on time, we need not reach the bankruptcy court's alternative holding that good cause for the delay mandated an extension. See Bertain, 215 B.R. at 443 (declining to reach the good cause issue where the bankruptcy court acted within its discretion to grant an extension); see also Lepone-Dempsey, 476 F.3d at 1282 (even in the absence of good cause, courts must consider whether "other circumstances warrant [a discretionary] extension of time based on the facts of the case").